**In the Matter of Augustus L. DENNIS, Debtor.**

**Augustus L. DENNIS, Plaintiff,**

v.

**PENTAGON FEDERAL CREDIT UNION, Defendant.**

**Bankruptcy No. 81–50411.**

United States Bankruptcy Court, M. D. Georgia, Macon Division.

Jan. 26, 1982.

Hulane E. George, George & Jones, Milledgeville, Ga., for Augustus L. Dennis.

Frederick M. Scherma, Atlanta, Ga., for Pentagon Federal Credit Union.

## MEMORANDUM DECISION ON MOTION FOR CONTEMPT

ROBERT F. HERSHNER, Jr., Bankruptcy Judge.

### STATEMENT OF THE CASE

Before the Court is the motion of Augustus L. Dennis, Plaintiff, seeking to have Pentagon Federal Credit Union, Defendant, adjudged in contempt of court due to certain alleged violations of the automatic stay of the Bankruptcy Code, 11 U.S.C.A. § 362 (West 1979). The Motion for Contempt was filed on June 22, 1981, and the matter came on for hearing on August 28, 1981. After consideration of the evidence, the Court has this day entered an order finding the Defendant not to be in contempt of court.

In support of its order, the Court attaches the following findings of fact and conclusions of law.

### FINDINGS OF FACT

The facts in this case are not in dispute and have been stipulated by counsel.

The Defendant is a judgment creditor of the Plaintiff, and prior to the Plaintiff's filing in bankruptcy had completed one garnishment proceeding against the Plaintiff. This garnishment proceeding is not at issue in the Plaintiff's Motion for Contempt.

The Plaintiff filed his petition in bankruptcy on April 15, 1981. On April 30, 1981, the Defendant's attorney, without being aware of the Plaintiff's filing in bankruptcy, mailed another garnishment proceeding to the Superior Court of Putnam County, and the Clerk of that Court, after processing the garnishment proceeding, issued a summons of garnishment on May 4, 1981. This summons of garnishment was served on the Plaintiff's employer, the Georgia Power Company, on May 5, 1981, and the employer then withheld from the Plaintiff's pay those sums which under Georgia law it was required to withhold. The Plaintiff's employer filed an answer to this garnishment proceeding on June 31, 1981, and therewith tendered to the Clerk of the Superior Court of Putnam County the sum of $866.87. The actual sum withheld from the Plaintiff's pay by his employer was $407.63, but from that sum, the employer deducted $40.76, representing its expenses in the garnishment proceeding, which deduction it is permitted to make by Georgia law. This entire garnishment proceeding took place after the Plaintiff's filing in bankruptcy and while the automatic stay of the Bankruptcy Code was in effect.

While the record is not clear as to when the Defendant's counsel was notified about the Plaintiff's filing in bankruptcy, it is uncontested that he was notified during the pendency of the garnishment proceeding. The Defendant's attorney states that he called the Clerk of the Superior Court of Putnam County and the Plaintiff's employer to advise them that the garnishment proceeding should be released. He states that he took no other affirmative action, such as a written dismissal of the garnishment proceeding, because he viewed that the additional action would be, in his opinion, a violation of the automatic stay of the Bankruptcy Code.

The Plaintiff's attorney contends that the Defendant's attorney was under an affirmative obligation to dismiss the garnishment proceeding upon being notified of the filing in bankruptcy, and urges this Court to find the Defendant in contempt on account of its attorney's failure to dismiss the garnishment proceeding.

### CONCLUSIONS OF LAW AND DISCUSSION

The questions thus presented are whether there was an affirmative duty to dismiss the garnishment proceeding upon being notified of the bankruptcy filing, and if there was such a duty, whether the Defendant should be punished for contempt for failure of its attorney to comply with this affirmative duty.

Section 362 of the Bankruptcy Code contains what is termed the automatic stay of bankruptcy and provides as follows:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of—

(1) the commencement or *continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor* that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

(3) any act to obtain possession of property of the estate or of property from the estate;

(4) any act to create, perfect, or enforce any lien against property of the estate;

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

(6) *any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;*

(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and

(8) the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor.

11 U.S.C.A. § 362(a) (West 1979) (emphasis added).

█ From the provisions of Section 362, which the Court has emphasized, it is clear that the automatic stay prohibits the continuation of any judicial action against a debtor and prohibits any act to collect any debt which arose prior to bankruptcy. The legislative history of Section 362 reveals that Congress intended this section to be one of the fundamental debtor protections provided by the bankruptcy laws, and that it was intended to stop all collection efforts, all harassment, and all foreclosure actions. H.R.Rep.No.95–595, 95th Cong., 1st Sess. 340–2 (1977); S.Rep.No.95–989, 95th Cong., 2d Sess. 54–5 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787.

█ With this analysis of Section 362 before it, the Court will now turn to the first question, that being whether, in this case, there was an affirmative duty to dismiss the garnishment proceeding upon notification of bankruptcy. After careful consideration of the question, the Court must find that there was such a duty.

█ Post judgment garnishment in Georgia is authorized by Chapter 46–1 of the Code of Georgia, and the procedure is available in all cases where a money judgment has been obtained in any court in Georgia. Ga.Code Ann. § 46–101 (Supp.1979). Garnishment can generally be described as a statutory proceeding whereby a judgment defendant's property, money, or credits, which are in the hands or under the control of a third party, may be reached to aid in satisfaction of a judgment. The most common use of this garnishment proceeding is to satisfy judgments out of the future wages of the judgment defendant and is effected by the service of a summons of garnishment upon the judgment defendant's employer. After service of the summons, the employer is then required by law to withhold from the judgment defendant's take-home pay certain specified sums which are eventually turned over to the clerk of the court from which the summons issued. After payment of this sum to the clerk, the judgment plaintiff is then entitled to draw this sum out to be applied toward satisfaction of the judgment. Garnishment is simply a judicial process for collection of a debt

that has been judicially declared to be owed through entry of a judgment.

In this case, the Defendant's attorney, upon being notified of the bankruptcy filing, declined to dismiss his client's garnishment proceeding on the belief that the affirmative step might be a violation of the automatic stay. Careful analysis reveals that this belief was incorrect, and that in fact, it was his refusal to dismiss the garnishment proceeding which violated the automatic stay.

Section 362 prohibits commencement or continuation of the garnishment proceeding, and the Defendant's attorney, upon notification as to the filing in bankruptcy, is charged with knowledge that he may no longer proceed with the garnishment proceeding. He is the one who caused the garnishment proceeding to be filed, and he is the one who must see that it is dismissed. As an officer of the Court, he is duty bound to see that the law is enforced, and he thus has an affirmative duty to stop the garnishment proceeding through dismissal.[1] *Elder v. City of Thomasville* (In re Elder), 12 B.R. 491, 4 C.B.C.2d 1092, 7 B.C.D. 1153 (Bkrtcy. M.D.Ga.1981).

■ Having determined that the Defendant's attorney was under an affirmative duty to dismiss the garnishment proceeding, should the Court now hold the Defendant in contempt as prayed for by the Plaintiff. The Court accepts the explanation of the Defendant's attorney and finds that he erred in his conclusion as to his affirmative duty to dismiss the garnishment proceeding. The Court also notes that this is the first decision by it finding an affirmative duty on the part of an attorney, and based on these considerations, the Court declines to exercise its contempt powers in this case.

An order in accordance herewith is attached hereto and made a part hereof.

---

1. The Court has considered whether the garnishment proceeding could have been stayed rather than dismissed by the Defendant's attorney. The Defendant's attorney filed this garnishment proceeding after the filing of the Debtor's bankruptcy and thus in technical violation of the automatic stay. It must therefore be dismissed because the whole garnishment proceeding was done in violation of Section 362 of the Bankruptcy Code.