In the Matter of Patricia Lynn LORD, a/k/a Patricia Lynn Fowler, Debtor.

Patricia Lynn Lord, Plaintiff,

v.

Joseph R. Carragher and "King & Carragher" a Georgia partnership, Defendants.

Bankruptcy No. 96–31211 RFH.

Adversary No. 96–3059.

United States Bankruptcy Court, M.D. Georgia, Athens Division.

March 24, 1998.

Barry Gordon Irwin, Athens Consumer Law Center, Inc., Athens, GA, for Plaintiff.

Robert G. Tanner, Atlanta, GA, for Defendants.

### MEMORANDUM OPINION

ROBERT F. HERSHNER, Jr., Chief Judge.

Patricia Lynn Lord, Plaintiff, filed a complaint on December 30, 1996. Joseph R. Carragher and King and Carragher, Defendants, filed their responses on January 29, 1997. Plaintiff's complaint came on for trial on August 21, 1997. The Court, having considered the evidence presented and the arguments of counsel, now publishes this memorandum opinion.

### FINDINGS OF FACT

Plaintiff purchased a car. Bank South, N.A., financed the purchase. Plaintiff and her husband filed a prior petition under Chapter 13 of the Bankruptcy Code on February 4, 1987.[1] Bank South repossessed and disposed of Plaintiff's car.[2]

---

1. Plaintiff filed a joint petition with her husband. Plaintiff and her husband had marital problems and have been separated for some time. Plaintiff's husband did not join in Plaintiff's current bankruptcy filing or in this adversary proceeding.

2. Plaintiff's bankruptcy schedules from her current bankruptcy case show that Bank South repossessed the car on April 20, 1987. Schedule D—Creditors Holding Secured Claims, p. 1.

The sale proceeds were not sufficient to satisfy Plaintiff's obligation. Plaintiff's joint petition with her husband under Chapter 13 was dismissed in 1988. Plaintiff believed that the bankruptcy relieved her of the obligation owed to Bank South.

King and Carragher is a law firm located in Atlanta, Georgia. Mr. Joseph R. Carragher, attorney at law, is a member of the firm. Bank South employed Defendants to collect the deficiency owed by Plaintiff. Defendants could not determine where Plaintiff resided. Defendants determined, however, that Plaintiff was working in Madison County, Georgia. Defendants assumed that Plaintiff resided and worked in the same county. Plaintiff, however, resided in Clarke County, Georgia.

Defendants, on behalf of Bank South, filed on February 2, 1994 a complaint in the Superior Court of Madison County, Georgia. The complaint alleged that Plaintiff was a resident of Madison County and that venue was proper. Plaintiff was personally served with the summons and complaint at her job in Madison County. Plaintiff did not file a response to the complaint. Bank South took a judgment by default, which was filed for record in the state court on June 27, 1994. The judgment provided that Bank South recover from Plaintiff the principal sum of $2,843.02, attorney's fees of $426.45, and all court costs.

Plaintiff began working at Cobb Memorial Hospital in May of 1996. Cobb Memorial Hospital is owned by Ty Cobb Health Care Systems, Inc. Plaintiff was an employee of Ty Cobb Health Care Systems, Inc. The corporate headquarters and payroll office of Ty Cobb Health Care Systems, Inc. are located in Franklin County, Georgia.

Defendants learned that Plaintiff was working at Cobb Memorial Hospital. Defendants wanted to collect the state court judgment by garnishment of Plaintiff's wages. Defendants, after researching Georgia law, determined that a continuing garnishment could be served upon a corporate employer in the county in which is located the corporate office or place of business where the employee-defendant is employed.[3] Defendants, on behalf of Bank South, filed on May 17, 1996 a continuing garnishment action in the Superior Court of Franklin County. In the garnishment action, Bank South is the plaintiff, Plaintiff is the defendant, and Cobb Memorial Hospital is the garnishee. The garnishment action was served on Ty Cobb Health Care Systems, Inc. in Franklin County. Ty Cobb Health Care Systems, Inc. began making garnishment deductions from Plaintiff's pay. Plaintiff's pay stubs show the following garnishment deductions:

| Pay Period Ending | Garnishment Deduction |
|---|---|
| May 25, 1996 | $ 98.55 |
| June 8, 1996 | 112.59 |
| June 22, 1996 | 117.23 |
| July 6, 1996 | 103.59 |
| July 20, 1996 | 128.82 |
| August 3, 1996 | 115.07 |
| August 17, 1996 | 115.43 |
| August 31, 1996 | 105.57 |
| September 14, 1996 | 98.23 |
| September 28, 1996 | 89.06 |
| October 12, 1996 | 101.75 |
| October 26, 1996 | 104.53 |
| November 9, 1996 | 98.54 |
| | $1,388.96 |

Plaintiff contacted Mr. Barry Irwin, attorney at law, in July of 1996. Mr. Irwin telephoned Mr. Carragher and argued that the state court judgment obtained by Bank South was not valid. Mr. Carragher disagreed and refused to stop the garnishment. Plaintiff and Mr. Irwin decided to allow the garnishment to continue until

---

**3.** *See* O.C.G.A. § 14–2–510(b)(4) (1994).

more than $600 had been withheld so that the funds could be recovered as preferential transfers under the Bankruptcy Code.

Plaintiff filed a petition under Chapter 7 of the Bankruptcy Code on October 3, 1996. Mr. Irwin represents Plaintiff in her bankruptcy case and in this adversary proceeding. Defendants were listed in Plaintiff's bankruptcy schedules[4] and on the mailing matrix. The Court's notice of Plaintiff's bankruptcy filing was mailed to Defendants. Mr. Carragher testified that bankruptcy notices received by his firm are supposed to be given to him. The Court's notice of Plaintiff's bankruptcy, however, was placed in Plaintiff's file at King and Carragher. The Court's notice was not brought to Mr. Carragher's attention. Mr. Carragher admits that a creditor has an affirmative duty to dismiss a garnishment upon notice of a bankruptcy filing. Mr. Carragher testified that Defendants did nothing in response to the bankruptcy notice. Plaintiff's wages continued to be garnished after she filed for bankruptcy relief.

Mr. Irwin telephoned Mr. Carragher at 4:15 p.m. on November 15, 1996. This was the first time that Mr. Carragher personally knew that Plaintiff had filed for bankruptcy relief. Mr. Irwin told Mr. Carragher that the garnishment must be released and all garnished funds turned over to Plaintiff. After researching bankruptcy law, Mr. Carragher sent Mr. Irwin a facsimile dated November 15, 1996 at 5:45 p.m., stating that the garnishment was being dismissed. Mr. Carragher stated in the facsimile that Defendants would keep the first $600 of garnished funds and that any funds over that amount would be paid to the bankruptcy trustee upon demand. Mr. Carragher sent on November 15, 1996, by facsimile, a Dismissal Without Prejudice to the Clerk of Court of Franklin County, dismissing the garnishment. The dismissal was filed by the clerk of the state court on November 21, 1996.

Plaintiff owned a 1995 Pontiac Grand Am when she filed for bankruptcy relief on October 3, 1996. The Court entered an order on March 21, 1997, allowing General Motors Acceptance Corporation to repossess and dispose of Plaintiff's car. Plaintiff testified that she could have made her car payments except for the garnishment. Plaintiff testified that she had to borrow her mother's car for transportation. Plaintiff testified that she was embarrassed because her car was repossessed. Plaintiff testified that she and her five children suffered financially because of the garnishment.

The evidence shows that $328.37 was garnished from wages earned by Plaintiff more than ninety days prior to the bankruptcy filing. The clerk of the state court paid these funds to Defendants in October of 1996 after Plaintiff filed for bankruptcy relief. Defendants continue to hold these funds.

The sum of $755.77 was garnished from wages earned by Plaintiff within ninety days of the bankruptcy filing. The clerk of the state court paid $568.48 of that amount to Defendants in October of 1996 after Plaintiff filed for bankruptcy relief. Defendants returned the $568.48 to Plaintiff in May of 1997. The clerk of the state court had returned the remaining $187.29 to Plaintiff on February 3, 1997.

The sum of $304.82 was garnished from wages earned by Plaintiff after the bankruptcy filing. The clerk of the state court returned these funds to Plaintiff on February 3, 1997. Thus, all garnishment funds, except those from wages earned more than

---

4. *See* Schedule D—Creditors Holding Secured Claims, p. 2.

ninety days prior to the bankruptcy filing, have been returned to Plaintiff.

Plaintiff, in her bankruptcy schedules, claimed as exempt property the funds garnished from her wages.[5] The Court entered an order on February 5, 1997 avoiding Bank South's lien on the funds. Plaintiff also claimed as exempt property her "FDCPA/FBPA claim" against Defendants.[6] No objections to Plaintiff's claims of exemptions were filed.

The Court is persuaded that Plaintiff has standing and is the proper party to bring this adversary proceeding.

### CONCLUSIONS OF LAW

Plaintiff contends that Defendants violated the automatic stay of the Bankruptcy Code[7] and the Fair Debt Collection Practices Act. The Court will consider in turn each of Plaintiff's contentions.

In Count I of her complaint, Plaintiff contends that Defendants violated the automatic stay of the Bankruptcy Code by allowing the garnishment to continue postpetition. Plaintiff also contends that Defendants violated the automatic stay by refusing to timely deliver to Plaintiff the funds that were garnished from Plaintiff's postpetition wages.

■■■ "Further, as the automatic stay is essentially a court-ordered injunction, any person or entity who violates the stay may be found in contempt of court. *See Collier Family Law* ¶ 5.05[2]. Therefore, debtors may generally recover damages for violations of the automatic stay. *See id.*" *Carver v. Carver*, 954 F.2d 1573, 1578 (11th Cir.), *cert. denied*, 506 U.S. 986, 113 S.Ct. 496, 121 L.Ed.2d 434 (1992).

■■ "In *Jove*, [the Eleventh Circuit] adopted a two-pronged test to determine willfulness in violating the automatic stay provision of § 362. Under this test the court will find the defendant in contempt if it: '(1) knew that the automatic stay was invoked and (2) intended the actions which violated the stay.' *Jove*, 92 F.3d at 1555." *Hardy v. United States (In re Hardy)*, 97 F.3d 1384, 1390 (11th Cir.1996).

■■ "A finding of civil contempt must be based on 'clear and convincing evidence' that a court order was violated." *Jove Engineering, Inc. v. Internal Revenue Service*, 92 F.3d 1539, 1545 (11th Cir.1996).

■■■ Mr. Carragher admits that a creditor has an affirmative duty to dismiss a garnishment upon notice of a bankruptcy filing. *See Dennis v. Pentagon Federal Credit Union (In re Dennis)*, 17 B.R. 558, 561 (Bankr.M.D.Ga.1982) (creditor's attorney has affirmative duty to dismiss garnishment proceedings). The failure to dismiss a garnishment is a violation of the automatic stay. *Id.* at 561. *See also Elder v. City of Thomasville, Georgia (In re Elder)*, 12 B.R. 491 (Bankr.M.D.Ga.1981).

■■ The Court is persuaded that Defendants willfully violated the automatic stay by failing to stop the garnishment of Plaintiff's postpetition wages. Defendants received the Court's notice of Plaintiff's bankruptcy filing. The bankruptcy notice was put in Plaintiff's file at King and Carragher. Defendants failed to stop the garnishment until some six weeks after Plaintiff filed for bankruptcy relief. Defendants must be held accountable for the failure of their staff to give the Court's notice to Mr. Carragher. *National Union*

---

5. *See* Schedule C—Property Claimed As Exempt, p. 2.

6. *See* Schedule C—Property Claimed as Exempt, p. 1.

7. 11 U.S.C.A. § 362 (West 1993 & Supp. 1997).

*Fire Insurance Co. of Pittsburgh, Pa. v. Broadhead,* 155 B.R. 856, 858–59 (S.D.N.Y.1993) ("once [mail is] delivered, it is the responsibility of the creditor to distribute the [bankruptcy court's] notice to the appropriate party within its organization").

The Court now turns to consider the damages that Plaintiff may recover. Section 362(h) of the Bankruptcy Code [8] provides:

### § 362. Automatic stay

. . . .

(h) An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

11 U.S.C.A. § 362(h) (West 1993).

■ Section 362(h) provides that an individual injured by a willful violation of the automatic stay shall recover actual damages, costs, and attorneys' fees. In appropriate circumstances, punitive damages may be recovered. "An award of damages under 11 U.S.C. § 362(h) must have a sufficient factual foundation." 3 *Collier on Bankruptcy* ¶ 362.11[3] p. 362–118.1 n. 18 (15th rev'd ed.1997); *see Archer v. Macomb County Bank,* 853 F.2d 497, 499 (6th Cir.1988) (damage award must not be based upon mere speculation, guess, or conjecture).

■ Plaintiff bears the burden of providing that she is entitled to damages under section 362(h). *Elder–Beerman Stores Corp. v. Thomasville Furniture Indus., Inc. (In re Elder–Beerman Stores, Inc.),* 206 B.R. 142, 155 (Bankr.S.D.Ohio 1997); *In re Dunn,* 202 B.R. 530, 531 (Bankr. D.N.H.1996); *Rhodes v. Internal Revenue Service (In re Rhodes),* 155 B.R. 491, 495 (W.D.Ark.1993); *In re Still,* 117 B.R. 251, 254 (Bankr.E.D.Texas 1990).

■ Section 362(h) provides that the Court may award punitive damages "in appropriate circumstances." "[Appropriate circumstances means] 'egregious, intentional misconduct on the violator's part.'" *Knaus v. Concordia Lumber Co. (In re Knaus),* 889 F.2d 773, 776 (8th Cir.1989). *See also Goichman v. Bloom (In re Bloom),* 875 F.2d 224, 228 (9th Cir.1989) (reckless or callous disregard for the law or rights of others); *Nigro v. Oxford Development Co. (In re M.J. Shoearama, Inc.),* 137 B.R. 182, 190 (Bankr.W.D.Pa.1992) (nature and motive of creditor's conduct).

■ The Court is persuaded that Defendants' failure to stop the garnishment was the result of carelessness or negligence rather than an intentional act of misconduct. The Court, therefore, is not persuaded that Plaintiff is entitled to punitive damages.

Plaintiff seeks an award of actual damages and attorney's fees for Defendants' failure to stop the garnishment of her postpetition wages. Plaintiff also seeks damages for Defendants' failure to turn over the funds which were garnished from Plaintiff's postpetition wages. Plaintiff owned a 1995 Pontiac Grand Am when she filed for bankruptcy relief. The Court entered an order allowing the secured creditor to repossess and dispose of Plaintiff's car. Plaintiff testified that she could have made her car payments except for the garnishment. Plaintiff testified that she was embarrassed and that she had to borrow her mother's car for transportation. Plaintiff testified that she and her children suffered financially because of the garnishment.

**8.** 11 U.S.C.A. § 362(h) (West 1993).

■ The evidence shows that a total of $304.83 was garnished from wages earned by Plaintiff after the bankruptcy filing. Plaintiff's employer paid the funds over to the clerk of the state court. The funds were not turned over to Plaintiff by the clerk of the state court until some four months after the bankruptcy filing. Defendants had an affirmative duty to advise the clerk of the state court to turn over the postpetition garnishment funds. The clerk of the state court had a duty to turn over the funds to Plaintiff. *Elder v. City of Thomasville, Georgia (In re Elder)*, 12 B.R. at 495.

The Court is persuaded that Defendants violated the automatic stay of the Bankruptcy Code and that Plaintiff is entitled to damages under section 362(h). Plaintiff lost the use of wages she had earned, and she lost her means of transportation. From the evidence presented, the Court is persuaded that Plaintiff suffered actual damages in the amount of $1,000.

The Court will consider an appropriate award of attorney's fees and costs should Plaintiff's counsel wish to file an affidavit itemizing the attorney's fees and costs within fourteen days of this memorandum opinion. After the Court receives and reviews the affidavit, the Court will make an appropriate award.

In Count II of her complaint, Plaintiff contends that Defendants violated the automatic stay by refusing to turn over the funds that were garnished from Plaintiff's prepetition wages. Plaintiff urges the Court to order Defendants to turn over the funds to Plaintiff. The evidence shows that $328.27 was garnished from wages that Plaintiff earned more than ninety

days prior to the bankruptcy filing and that $755.77 was garnished from wages earned within the ninety-day period. Plaintiff claimed these funds as exempt property in her bankruptcy schedules.[9] No objection to Plaintiff's exemptions was filed. The Court entered an order avoiding Bank South's lien on these funds.

■ Funds garnished from wages earned prior to the bankruptcy filing do not become property of the bankruptcy estate because the debtor had no interest in the funds at the time the bankruptcy was filed. *Williams v. Account Control Service Co. (In re Williams)*, Ch. 7 Case No. 96–40749 (Bankr.M.D.Ga. Aug. 26, 1996) (Laney, J.); *Flournoy v. Pate (In re Antley)*, 18 B.R. 207 (Bankr.M.D.Ga.1982) (Mosley, J.) (wage garnishment funds in hands of debtor's employer at time of bankruptcy filing are not property of the estate).

■ The Court is persuaded that Plaintiff did not have an interest in the funds garnished from her prepetition wages when she filed for bankruptcy relief. The Court, therefore, is persuaded that Defendants did not violate the automatic stay by not turning over these funds.

■ In Count III of her complaint, Plaintiff urges the Court to order the turn over of the funds garnished from her prepetition wages under section 542 of the Bankruptcy Code.[10] Plaintiff seeks to recover these funds as preferential transfers.[11]

■ The evidence shows that $755.77 was withheld from wages that Plaintiff earned within the ninety-day pref-

---

9. *See* Schedule C—Property Claimed as Exempt, p. 2.

10. 11 U.S.C.A. § 542 (West 1993).

11. A debtor may avoid a preferential transfer to the extent the debtor could have claimed the property as exempt if the bankruptcy trustee does not attempt to avoid the transfer. 11 U.S.C.A. § 522(h) (West 1993).

erence period. These funds would be recoverable as preferential transfers. *Mathis v. West Central Georgia Bank (In re Mathis)*, 256 B.R. 653 (Bankr.M.D.Ga. 1996) (funds garnished from wages earned within preference period are recoverable even though garnishment was served prior to preference period).

The clerk of the state court delivered $187.29 to Plaintiff on February 3, 1997. Defendants returned the remaining funds ($568.48) to Plaintiff in May of 1997. Thus, all funds garnished from wages earned within the preference period have been returned to Plaintiff. Plaintiff's contentions under Count III, therefore, are moot.[12]

In Count IV of her complaint, Plaintiff contends that Defendants violated the Fair Debt Collection Practice Act (hereafter "FDCPA").[13] Defendants admit that they are debt collectors under the FDCPA. *See Heintz v. Jenkins*, 514 U.S. 291, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995) (FDCPA applies to lawyers who regularly, through litigation, collect consumer debts); *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 106 (6th Cir.1996) (lawyer and his firm are debt collectors); *Blakemore v. Pekay*, 895 F.Supp. 972, 977 (N.D.Ill.1995) (FDCPA applies to law firms regularly engaged in debt collection).

Plaintiff contends that Defendants violated section 1692f(1)[14] of the FDCPA, which provides:

### § 1692f.   Unfair practices

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

15 U.S.C.A. § 1692f(1) (1982).

"Section 1692k(d) [of the FDCPA] provides that actions to enforce liability created by the FDCPA must be brought 'within one year from the date on which the violation occurs.'" *Maloy v. Phillips*, 64 F.3d 607, 608 (11th Cir.1995).[15]

Plaintiff contends that Defendants violated section 1692f(1) by filing, on behalf of Bank South, a complaint against Plaintiff in state court in 1994. Plaintiff contends that venue was improper and that the state law statute of limitations had expired on Plaintiff's obligation to Bank

---

**12.** The evidence shows that $328.37 was withheld from wages that Plaintiff earned prior to the preference period. The clerk of the state court paid these funds to Defendants after Plaintiff filed for bankruptcy relief. Defendants continue to hold these funds. The Court is persuaded that these funds are not recoverable as preferential transfers. *See generally, Askin Marine Co. v. Conner (In re Conner)*, 733 F.2d 1560 (11th Cir.1984).

**13.** Count IV of Plaintiff's complaint is a non-core proceeding that is otherwise related to Plaintiff's bankruptcy case. All parties have consented to this Court entering a final order or judgment on the issues presented under Count IV.

**14.**   15 U.S.C.A. § 1692f(1) (1982).

**15.**   Section 1692k(d) provides:

### § 1692k.   Civil liability

. . . .

**Jurisdiction**

(d) An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.

15 U.S.C.A. § 1692k(d) (1982).

South. Bank South took a judgment by default, which was filed for record in June of 1994. Plaintiff filed this adversary proceeding in December of 1996, more than two years after the alleged FDCPA violations occurred. Thus, the Court is persuaded that Plaintiff's action under section 1692f(1) is barred by the FDCPA statute of limitations.

Plaintiff also contends that Defendants violated the venue provision of section 1692i[16] of the FDCPA, which provides:

§ **1692i. Legal actions by debt collectors**

(a) Any debt collector who brings any legal action on a debt against any consumer shall—

(1) in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a judicial district or similar legal entity in which such real property is located; or

(2) in the case of an action not described in paragraph (1), bring such action only in the judicial district or similar legal entity-

(A) in which such consumer signed the contract sued upon; or

(B) in which such consumer resides at the commencement of the action.

(b) Nothing in this subchapter shall be construed to authorize the bringing of legal actions by debt collectors.

15 U.S.C.A. § 1692i (1982).

■ "Section 1692i(a)(2) of the FDCPA states that any debt collector who brings any legal action on a debt against any consumer shall bring such action only in the judicial district or similar legal entity in which such consumer signed the contract sued upon or in which such consumer

resides at the commencement of the action." *Lawson v. Management Adjustment Bureau, Inc.*, 1997 WL 283027, *3 (N.D.Ill. May 15, 1997); *see also Addison v. Braud*, 105 F.3d 223, 223–24 (5th Cir. 1997).

■ "The venue provision of [section 1692i of] the FDCPA was designed to limit the ability of debt collectors to file debt collection actions in courts inconvenient to the debtor." *Blakemore v. Pekay*, 895 F.Supp. at 978; *Dutton v. Wolhar*, 809 F.Supp. 1130, 1139 (D.Del.1992).

■ Defendants filed a continuing garnishment action in Franklin County. Plaintiff resided in Clarke County. Plaintiff contends that Defendants violated the venue provision of section 1692i(a)(2)(B) by filing a garnishment action in a county other than the county where Plaintiff resided.[17]

The evidence shows that Defendants are debt collectors, that Plaintiff did not reside in the county where the garnishment was filed, and that Plaintiff's underlying obligation to Bank South was a consumer debt (a car loan).

The Court is persuaded that the phrase "judicial district or similar legal entity" means "county." *See* GA. CONST. art. VI, § 2 ¶ 6 (venue in civil cases generally is the county where the defendant resides); *Blakemore v. Pekay*, 895 F.Supp. at 980; *see generally Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507, 1515 (9th Cir. 1994).

The issue in dispute is whether the phrase "legal action on a debt against any consumer" includes a continuing garnishment action. In *Fox v. Citicorp Credit*

---

**16.** 15 U.S.C.A. § 1692i (1982).

**17.** The evidence presented does not show in which county Plaintiff "signed the contract sued upon."

*Services, Inc.,*[18] the Ninth Circuit Court of Appeals stated:

### 1. *Enforcement—Action Exemption from Venue Provision*

First, Citicorp contends that the application for a writ of garnishment, as an action in enforcement of a previously-obtained judgment, does not fall within the venue provision. By its terms, section 1692i reaches "any legal action on a debt." The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction ... primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5). Thus, the June 1989 stipulated judgment was entered in a legal action based upon a "debt" as defined in the FDCPA. Furthermore, the definition of "debt" specifically states that it applies "whether or not such obligation has been reduced to judgment." *Id.* Nonetheless, Citicorp contends that the application for a writ of garnishment is not a "legal action on a debt" for purposes of section 1692i.

The plain meaning of the term "legal action" encompasses all judicial proceedings, including those in enforcement of a previously-adjudicated right. *Cf. S & M Investment Co. v. Tahoe Regional Planning Agency,* 911 F.2d 324, 326–27 (9th Cir.1990) (construing term "legal action" as used in interstate compact), *cert. denied,* 498 U.S. 1087, 111 S.Ct. 963, 112 L.Ed.2d 1050 (1991). Because "debt" includes obligations reduced to judgment, any judicial proceeding relating to such a judgment constitutes a "legal action on a debt."

Moreover, the purpose of the venue provision supports our rejection of an enforcement-action exception. In enacting the provision, Congress was concerned about consumers having to defend against suits in "distant or inconvenient" courts. S.Rep. No. 382, 95th Cong., 1st Sess. 5 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1695, 1699. Consumers face similar burdens in defending against enforcement actions. Here, for example, had the writ not been quashed, the Foxes would have had to move for its quashing or defend against the amount of garnishment in a distant court. We find no indication that Congress intended to exclude enforcement actions, entailing the same concerns as initial adjudications, from the venue provision. Accordingly, we conclude that such actions are subject to section 1692i.

15 F.3d at 1515.

*See also Blakemore v. Pekay,* 895 F.Supp. at 983 (wage deduction orders are "legal action[s] on a debt").

Defendants argue that "[i]f § 1692(i)(a) were held to apply to post-judgment garnishment proceedings in Georgia, Plaintiff would be immune from having her wages garnished." Defendants' Brief, p. 9 (filed July 30, 1997). The clear language of section 1692i, however, only prohibits actions by "debt collectors." The section does not prohibit the creditor (Bank South) from commencing a legal action, including a garnishment, in a county where the debtor does not reside. *See Scott v. Jones,* 964 F.2d 314, 316 (4th Cir.1992) (section 1692i applies only to debt collectors).

The Court is persuaded that Defendants violated section 1692(i) of the FDCPA. The Court now turns to consider the damages that Plaintiff may recover. Section 1692k of the FDCPA[19] provides, in part:

### § 1692k. Civil liability

**Amount of damages**

(a) Except as otherwise provided by this section, any debt collector who fails

---

**18.** 15 F.3d 1507 (9th Cir.1994).

**19.** 15 U.S.C. § 1692k (West 1982).

to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—

(1) any actual damage sustained by such person as a result of such failure;

(2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or

. . . .

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. . . .

**Factors considered by court**

(b) In determining the amount of liability in any action under subsection (a) of this section, the court shall consider, among other relevant factors—

(1) in any individual action under subsection (a)(2)(A) of this section, the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional; or

15 U.S.C. § 1692k (West 1982).

■ The Court is persuaded that Plaintiff suffered actual damages as a result of Defendants' violation of the FDCPA. Defendants' garnishment action violated the venue provisions of the FDCPA. Defendants continue to hold the sum of $328.37 that was garnished from Plaintiff's wages. The Court is persuaded that Plaintiff should recover the sum of $328.37 as actual damages under section 1692k(a)(1).

Section 1692k(a)(2)(A) of the FDCPA provides that an individual may recover "additional damages as the court may al-

low, but not exceeding $1,000." The Court is not persuaded that Plaintiff has demonstrated that she is entitled to any additional damages.

■ The FDCPA authorizes the award of costs and reasonable attorney's fees, which are to be calculated according to the prevailing market rates in the relevant community. *Hollis v. Roberts*, 984 F.2d 1159, 1161 (11th Cir.1993).

The Court will consider an appropriate award of attorney's fees and costs should Plaintiff's counsel wish to file an affidavit itemizing the attorney's fees and costs within fourteen days of this memorandum opinion. After the Court receives and reviews the affidavit, the Court will make an appropriate award.[20]

An order in accordance with this memorandum opinion will be entered this date.

---

**20.** The Court notes that Plaintiff's counsel should not request compensation for the same costs and attorney time under Counts I and IV of this adversary proceeding.