In re Roger BUCHANAN, Debtor.

Roger Buchanan, Plaintiff,

v.

First Family Financial Services,
Defendant,

Dougherty County School System,
Third–Party Defendant.

Bankruptcy No. 01–10785–JDW.
Adversary No. 01–1021–JDW.

United States Bankruptcy Court,
M.D. Georgia,
Albany Division.

Jan. 28, 2002.

William E. Mitchell, IV, Albany, GA, for
Plaintiff.

Scott M. Stevens, Atlanta, GA, for First
Family Financial Services.

## MEMORANDUM OPINION

JAMES D. WALKER, JR., Bankruptcy Judge.

This matter comes before the Court on Plaintiff, Roger Buchanan's, Motion for Contempt of Court and Other Relief and Defendant First Family Financial Services's subsequent Motion for Summary Judgment in its favor. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(A). After considering the pleadings, the evidence, and the applicable authorities, the Court enters the following decision in accordance with Federal Rule of Bankruptcy Procedure 7052.[1]

### Background

Defendant First Family Financial Services ("First Family") filed a garnishment action against Plaintiff in the State Court of Dougherty County, Georgia, on or about February 5, 2001. The summons of garnishment was served on the garnishee, Defendant Dougherty County Board of Education ("Garnishee"), on February 7, 2001. Plaintiff filed a Chapter 7 petition on April 25, 2001. First Family served a notice of stay in the garnishment proceeding on Garnishee on May 17, 2001, and filed the notice of stay with the state court on May 21, 2001.

Garnishee subsequently withheld money from Plaintiff's paycheck on June 7, 2001. On June 27, 2001, Plaintiff filed a motion for contempt of court on the ground that First Family violated the automatic stay by refusing to dismiss the garnishment. First Family then sent a letter to Garnishee dated July 6, 2001, which stated that it was sent to follow up on a June 29, 2001, telephone message and said that Garnish-

ee's continued deductions from Plaintiff's wages violated the automatic stay and should cease. Garnishee made a second post-petition deduction on July 9, 2001. First Family sent a second letter to Garnishee dated July 24, 2001, that referred to a telephone conversation on July 13, 2001, and indicated that Garnishee, after consulting with legal counsel, had stopped withholding money from Plaintiff's paycheck. No further deductions were taken from Plaintiff's wages.

On August 8, 2001, First Family impleaded Defendant Dougherty County School System. On December 10, 2001, First Family filed a motion for summary judgment on the issue of its liability for violation of the automatic stay.

### Conclusions of Law

Summary judgment is governed by Federal Rule of Civil Procedure 56, made applicable to bankruptcy through Bankruptcy Rule of Procedure 7056. Under Rule 56 a party is entitled to summary judgment when the "pleadings, depositions, answers to interrogatories, and admissions of file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). Evidence and reasonable factual inferences are viewed in the light most favorable to the nonmoving party. *Burton v. Tampa Housing Auth.*, 271 F.3d 1274, 1277 (11th Cir.2001).

In this case, the parties do not dispute that after learning of the bankruptcy case, First Family filed a notice of stay with the state court and served it on the Garnishee. Nor do the parties dispute that after Garnishee made a postpetition deduction from

---

**1.** The Court is not required to announce findings of fact on a summary judgment motion. FED.R.CIV.P. 52(a), applicable to bankruptcy through FED R. BANKR P. 7052. Furthermore, on a summary judgment motion, the Court does not make findings of fact, but rather determines whether any material facts are in dispute. *Gray v. Manklow (In re Optical Tech., Inc.)*, 246 F.3d 1332, 1335 (11th Cir. 2001).

Plaintiff's paycheck, First Family had multiple communications with Garnishee in an effort to halt withholding.

■ The automatic stay goes into effect upon the filing of a bankruptcy petition, prohibiting certain actions against the debtor or property of the bankruptcy estate. 11 U.S.C. § 362(a).[2] In this case, it applies to the garnishment proceeding. *Elder v. City of Thomasville (In re Elder)*, 12 B.R. 491, 494 (Bankr.M.D.Ga.1981). To comply with the automatic stay, the creditor who initiated the garnishment has an affirmative duty to stop the garnishment. *Id.* The extent of that duty is determined by whether the garnishment was filed prepetition or postpetition.

■ When a garnishment has been filed postpetition, the filing itself is a violation of the automatic stay, and the garnishment must be dismissed by the creditor. *Dennis v. Pentagon Fed. Credit Union (In re Dennis)*, 17 B.R. 558, 561 (Bankr. M.D.Ga.1982). However, when a garnishment has been filed prepetition, dismissal is not the only alternative. *See Ameron Protective Coatings Div. v. Georgia Steel, Inc. (In re Georgia Steel, Inc.)*, 25 B.R. 781, 786 (Bankr.M.D.Ga.1982). In *Georgia Steel*, the court declined to hold the creditor in contempt for failing to dismiss a garnishment filed prepetition because the creditor had acknowledged the stay, ceased to pursue the garnishment, and did not act in bad faith. *Id.* Nevertheless, the creditor is not without obligations when it has initiated a prepetition garnishment. "[A]ll who have a part in the garnishment must take such positive action as necessary to give effect to the automatic stay." *Elder*, 12 B.R. at 494. Inaction is unacceptable. *Id.* The creditor can satisfy his duty either by dismissing the garnishment or by staying the garnishment. *Id.* at 495.

■ First Family chose to stay the garnishment by filing a notice of stay with the state court and serving the notice on Garnishee. Upon learning that the notice of stay had been ineffective, First Family repeatedly communicated with Garnishee, informing Garnishee that the automatic stay prohibited further deductions under the garnishment, and instructing Garnishee to cease making deductions. Because the undisputed facts show that First Family made a good faith effort to stop the garnishment, taking careful and deliberate steps to do so, the Court concludes that it satisfied its obligation to comply with Section 362(a). As a result, First Family is entitled to judgment as a matter of law on the issue of its liability for violation of the automatic stay. Because the Court has found First Family not liable, it is not entitled to indemnification; therefore, its third party complaint against Dougherty County School System is dismissed. Further, since neither Defendant is liable on any claim asserted by Plaintiff, the adversary proceeding will be dismissed.

**2.** Section 362 reads in relevant part as follows:

[A] petition filed under section 301, 302, or 303 of this title ... operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor ...;

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title; [and]

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title[.]

11 U.S.C.A. § 362(a) (West 1993 & Supp. 2001).

An Order in conformance with this Opinion will be entered on this date.