**In the Matter of Albert F. JOHNSON, III, Debtor.**

**Bank Of America, N.A. Movant,**

v.

**Albert F. Johnson, III, Respondent;**

and

**Crowne Aviation Services, LLC, Intervening Party.**

No. 12–50338–PWB.

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

Sept. 25, 2012.

---

Jeff Golomb, Krause Golomb & Witcher LLC, NE Atlanta, GA, for Debtor.

Beth E. Rogers, Rogers Law Offices, Atlanta, GA, for Movant.

Jeff Golomb Krause Golomb & Witcher, LLC, Atlanta, GA, for Intervening Party.

## ORDER

PAUL W. BONAPFEL, Bankruptcy Judge.

This Order deals with several issues arising out of the prepetition garnishment by Bank of America, N.A. (the "Bank") of the wages of the Chapter 7 debtor, Albert

F. Johnson, III (the "Debtor"), owed by Crowne Aviation Services, LLC (the "Employer").

Three of them involve the automatic stay of 11 U.S.C. § 362(a). The first is whether the stay applied to prevent the Bank from pursuing a claim in the garnishment action against the Debtor's Employer based on its failure to comply with the garnishment summons. If so, the questions are whether the Debtor is entitled to damages and whether cause exists under § 362(a) to modify the stay to permit the Bank to pursue the claim against the Employer.

The other issues are whether the Debtor may exempt the funds that the Bank seeks to recover from the Employer and avoid the Bank's lien on them under 11 U.S.C. § 522(f). The answers to these questions are usually not complicated. The automatic stay applies to a garnishment action, a debtor may claim an exemption in garnished wages that the creditor has not yet received (to the extent of applicable limits on the debtor's exemptions), and the debtor may avoid a garnishment lien as a judicial lien under § 522(f). Unless the bankruptcy court sustains a valid objection to a debtor's exemption of the funds or denies the debtor's motion to avoid the creditor's lien, the debtor is entitled to the funds. So unless the bankruptcy court determines that the debtor cannot obtain the funds, there is no cause to lift the stay to permit a creditor to pursue anything in the garnishment action.

The Bank contends that these rules do not apply here because its claim against the Employer is based on the Employer's failure to respond properly to the garnishment summons. Because it has an independent claim against the Employer that does not involve a claim against the Debtor, his property, or property of the estate, the Bank concludes that the automatic stay does not apply and that the Debtor has nothing to exempt.

## I. Procedural Background

After obtaining a judgment against the Debtor, the Bank filed a wage garnishment action against his Employer. The last day for the Employer to answer the garnishment summons was the same date the Debtor filed his Chapter 7 petition, *pro se.* The bankruptcy filing occurred about an hour and a half before the garnishment court's clerk's office closed.

About a month after the filing of the case, the Bank filed a motion for relief from the automatic stay (the "Stay Motion") to permit it to proceed against the Employer.[1] The Stay Motion asserts that the Employer had failed to file an answer in the garnishment action, that the Debtor had no interest in funds garnished from prepetition wages, and that wages that an employer is holding at the time of a bankruptcy filing are not property of the estate. Two days after filing the Stay Motion, the Bank filed motions in the garnishment court seeking entry of default judgment against the Employer or, alternatively, a hearing to determine the Employer's liability for failure to answer the garnishment summons.

Both the Debtor, now represented by counsel,[2] and the Employer oppose the

---

1. Motion for Relief from the Automatic Stay (the "Stay Motion") [14]; Supplemental Brief in Support of Plaintiff's Motion for Relief from the Automatic Stay (the "Bank's Brief") [19].

2. The same lawyer represents the Debtor and the Employer. At the February 15 hearing, the Court declined to conclude that any potential conflict of interest necessarily precluded the lawyer's representation of both parties, and the Bank has not pursued the issue.

Stay Motion.[3] They contend that the automatic stay applied to the garnishment action and that, therefore, the Employer is not in default because the bankruptcy filing occurred before its answer was due. The Debtor, but not the Employer, seeks sanctions for violation of the stay under 11 U.S.C. § 362(k). The Debtor also asserts that he is entitled to exempt any garnished funds and to avoid the creditor's lien under § 522(f).[4] The Bank objects to the exemption of, and the avoidance of its lien on, the funds.[5]

During the course of the bankruptcy case, the Bank learned that the Employer had not withheld any wages from the Debtor in response to the garnishment summons. The Bank did not assert this fact in its Stay Motion, but it now contends that the automatic stay did not apply to the prosecution of its claim against the Employer because it is based on the Employer's independent liability for failure to answer the garnishment summons and, as such, is not an action against the Debtor or property of the estate that the automatic stay prohibits.

Pursuant to Fed.R.Civ.P. 52(a), *applicable under* Fed. R. Bankr.P. 7052 and 9014, Part II of this Order states the Court's findings of fact, which are undisputed, with regard to these issues, and Parts III through VII state its conclusions of law.[6] The Court summarizes its ruling here.

First, the Court concludes that the automatic stay applies to a garnishment action in its entirety, including its continuation to prosecute a claim to establish a garnishee's independent liability unless that liability has been established through an unmodifiable judgment prior to the filing of the bankruptcy petition. (Part IV). This means that the Employer was not in default at the time of the filing of the bankruptcy case, that continuation of the garnishment action violated the automatic stay, and that the Bank is subject to damages under § 362(k) for violation of the stay. The Court will give consideration to the question of damages in further proceedings in accordance with its directions in Part VII.

Second, because the parties agree that the Employer did not withhold funds from the Debtor's prepetition wages, the Debtor has no property interest in the funds in question. Accordingly, the Debtor has nothing to claim as exempt, and he cannot avoid the Bank's lien under § 522(f) with regard to the funds the Bank seeks from the Employer. (Part V).

Third, because the Bank's claim against the Employer exists independently of its claim against the Debtor and is not a claim

---

**3.** Opposition to Bank of America's Motion for Relief From Stay (the "Stay Opposition") [16]; First Supplement in Opposition to Bank of America's Motion for Relief from Stay (the "Debtor's & Employer's Supplement") [17]; Albert F. Johnson, III and Crowne Aviation Services, LLC's Brief Opposing Bank of America's Motion for Relief from Stay (the "Debtor's & Employer's Brief") [22].

**4.** Amendment to Schedules B and C[18]; Debtor's Motion to Avoid Judicial Liens (the "Avoidance Motion") [31].

**5.** Objection to Debtor's Property Claimed as Exempt (the "Exemption Objection") [26];

Respondent Bank of America's Response and Objection to Movant's Motion to Avoid Judicial Lien (the "Avoidance Objection") [34].

**6.** The Bank's Exemption Objection and the Debtor's Avoidance Motion, and the responses thereto (the Debtor's Exemption Response and the Bank's Avoidance Objection) raise other issues relating to the Debtor's exemptions and avoidance of the Bank's judicial lien under 11 U.S.C. § 522(f). This Order does not deal with those issues. Part VIII provides directions with regard to further proceedings to resolve them.

against property of the estate or against the Debtor or his property, cause exists to modify the automatic stay to permit the Bank to pursue its claim against the Employer based on the Employer's independent liability. To provide the Employer an opportunity to respond to the garnishment summons, the Court will modify the stay immediately to permit the employer ten days to file an answer and defer modification of the stay to permit the Bank to proceed until that time has expired. (Part VI).

## II. Facts

The Bank obtained a judgment against the Debtor in the amount of $156,305, plus interest and costs on April 29, 2011.[7] On August 4, 2011, the Bank filed a continuing wage garnishment action against the Employer in the State Court of Fulton County but did not effect service of summons of garnishment until November 18, 2011.[8]

The Employer was required to file an answer to the summons of garnishment no later than January 3, 2012.[9] At 3:35 p.m. on that date, the Debtor filed a Chapter 7 bankruptcy case,[10] about an hour and a half before the Clerk's office of the State Court of Fulton County closed at 5:00 p.m.[11] The Employer did not file an answer on January 3.[12]

On January 18, 2012, the Bank filed a Notice of Bankruptcy in the garnishment action[13] and a notice of appearance in this case.[14] On January 20, the Bank received an answer to the summons of garnishment, but the Employer did not file it in the garnishment court until January 30, 2012.[15] The Employer's answer stated only that the Debtor had filed a bankruptcy case on January 3. It did not state what wages the Debtor had earned during the applicable period and did not calculate the amount of wages subject to garnishment. The Employer did not remit any funds to the garnishment court.

On February 1, the Bank filed its Stay Motion. It seeks relief from the automatic stay to proceed against the Employer in the garnishment action. The Stay Motion asserted that the Employer had not filed an answer in the garnishment action,[16] that the Debtor had no interest in funds garnished from prepetition wages,[17] and that wages that an employer is holding at the time of a bankruptcy filing are not property of the estate.[18]

Two days after filing the Stay Motion, on February 3, the Bank filed two papers in the garnishment action seeking relief against the Employer.

7. Stay Opposition at 1; Bank's Brief at 1.

8. Stay Motion ¶¶ 2–3; Stay Opposition at 1–2.

9. Stay Motion ¶ 4; Stay Opposition at 2.

10. Voluntary Petition [1]; Employer's & Debtor's Brief at 3.

11. Debtor's & Employer's Brief at 3.

12. Stay Opposition at 2.

13. The Bank's Stay Motion does not disclose the filing of this notice in the garnishment action. The Bank's Brief acknowledges the filing of the notice and attaches a copy. One page of the notice appears to be attached as part of Exhibit C to the Bank's Brief, [19] at

24, and the other page appears to be attached as Exhibit D to the Bank's Brief [19] at 26. The garnishment court returned the notice to the Bank's counsel because of a deficiency in its filing. [19] at 26.

14. Docket No. 13.

15. Bank's Brief at 2; Answer of Continuing Garnishment, Bank's Brief, Exhibit E, [19] at 27.

16. Stay Motion ¶¶ 5–6.

17. Stay Motion ¶¶ 9, 14.

18. Stay Motion ¶¶ 10–11, 14.

The first was a motion for default judgment in the amount of $156,305.55 plus accrued interest, attorney's fees, and costs,[19] a total amount in excess of $210,000.[20] This motion stated that the Employer had served an answer but asserted that the Employer was in default because it had not filed it. The motion also asserted that the Employer was in default because the answer did not set forth the wages subject to garnishment and the amount due and because the Employer did not pay any funds into the garnishment court.[21] The motion referred to the Debtor's bankruptcy filing but offered no reason why the automatic stay did not apply to suspend the requirement of an answer on January 3.[22]

The second paper was a traverse of the unfiled answer,[23] which the Bank filed alternatively, to the extent the Employer's response was considered timely.[24] The traverse asserted that the purported answer was "untrue or legally insufficient" because of the deficiencies just mentioned.[25] The Bank concluded its traverse with a request for the garnishment court to set a hearing and enter judgment for the entire amount of its debt.[26]

Unlike its motion for default judgment, the Bank's traverse did address the automatic stay. Referring to wages owed prior to the filing of the bankruptcy case, the traverse stated that the Employer "was required to seize and turn these funds over to the garnishment court together with a timely Answer."[27]

The Chapter 7 trustee conducted the meeting of creditors pursuant to 11 U.S.C. § 341(a) on February 8 and 29[28] and filed a Report of No Distribution ("RND") on March 1, 2012.[29] The RND is the Trustee's statement that she has determined that she will not seek to administer any assets of the bankruptcy estate. As a practical matter, the filing of the RND means that the estate has no further interest in any property of the estate or the further administration of the case. Accordingly, the Chapter 7 Trustee has no interest in these matters.

Perhaps based on the Debtor's testimony at the § 341(a) meeting, the Bank learned at some point during this case that the Employer had not withheld any of his prepetition wages following service of the summons of garnishment.[30] The Bank has calculated that the amount the Employer should have withheld is $1,495.17, which the Debtor and the Employer do not contest.[31] Indeed, the Employer has affirma-

---

19. Motion for Default Judgment, Bank's Brief, Exhibit F, [19] at 38–43.

20. *Id.*, [19] at 38, 40.

21. *Id.*, ¶¶ 4–9, [19] at 39–40, and attached proposed Default Judgment, [19] at 42–43.

22. *Id.*, ¶ 5, [19] at 39.

23. Traverse, Bank's Brief, Exhibit F, [19] at 29–37.

24. Motion for Default Judgment, Bank's Brief, Exhibit F, note 1 at 2, [19] at 39.

25. Traverse at Analysis ¶¶ 1–5, Bank's Brief, Exhibit F, [19] at 30–31.

26. *Id.* at 4, [19] at 32.

27. *Id.* at Analysis ¶ 4, [19] at 31.

28. Docket Entries at Feb. 8 and 29, 2012.

29. Docket Entry at Mar. 1, 2012.

30. Bank's Brief at 2; Debtor's testimony at § 341(a) meeting of creditors at 4. Bank's Brief, Exhibit "A" to Exhibit "G," [19] at 46, 49.

31. Bank's Brief at 2; Debtor's and Employer's Brief at 3.

tively stated that it will pay this amount.[32]

The Court conducted a hearing on the Stay Motion on February 15, 2012, and directed the parties to file additional papers in connection with the dispute.

After the hearing, the Debtor filed an amendment to his schedules and statement of financial affairs to list the garnishment action, to show an asset of "pre-petition employment wages earned 90 days prior to 10/5/11 to 1/13/12 that is subject to a garnishment filed by Bank of America," and to claim the funds as exempt under O.C.G.A. § 44–13–100(a)(6), Georgia's so-called "wildcard" exemption.[33] In addition, the Debtor filed a motion to avoid the Bank's judicial lien on the funds (the "Avoidance Motion").[34] The Bank filed objections to the Debtor's claim of exemption in the funds and other assets (the "Exemption Objection")[35] and the Avoidance Motion (the "Avoidance Objection").[36]

The parties also filed briefs in support of their positions.[37] The Bank's Brief states positions that differ from those it advanced in the Stay Motion in two respects.

First, whereas the Stay Motion sought only *relief* from the automatic stay and did not mention that the Employer had not withheld any wages, the Bank's Brief asserts that the Employer's noncompliance with the garnishment summons gives rise to an independent claim against the Employer to which the automatic stay does not *apply.*

Second, although the Stay Motion does not expressly state that the Bank does not seek stay relief to proceed with the garnishment action with regard to postpetition wages, the Bank's Brief states that it "has not and does not seek to continue the garnishment against Debtor or against property of the estate."[38] Thus, the Bank now seeks to proceed "only as to [Employer] for its failure to withhold Debtor's prepetition wages which were subject to the garnishment summons."[39]

### III. Georgia Garnishment Law

Resolution of the issues begins with a discussion of the legal rights and duties under Georgia garnishment law of the judgment creditor-garnishor, the employer-garnishee, and the debtor-employee.

A judgment creditor in Georgia may file a garnishment action[40] against a third party, the garnishee, to subject any debt that the third party owes to the debtor, or other property of the debtor in the garnishee's possession or control, to payment of the judgment.[41] A creditor typically

---

32. Debtor's and Employer's Brief at 3.

33. Amendment to Schedules B and C[18]. The Debtor stated that he believed the amount was $1,450, *id.* at 5, but agrees that $1,495.17 is the correct amount. Debtor's Response to Bank of America's Exemption Objection at n. 1 [27].

34. Docket No. 31.

35. Docket No. 26. The Exemption Objection includes objections with regard to other claims of exemptions that are not the subject of this Order.

36. Docket No. 34. The Avoidance Objection includes objections with regard to other claims of exemptions that are not the subject of this Order.

37. Bank's Brief [19]; Debtor's and Employer's Brief [22].

38. Bank's Brief at 3.

39. *Id.*

40. O.C.G.A. § 18–4–60 ("In all cases where a money judgment shall have been obtained in a court of this state or in a federal court sitting in this state, the plaintiff shall be entitled to the process of garnishment.").

41. O.C.G.A. § 18–4–20(b) provides:
    All debts owed by the garnishee to the defendant at the time of service of the sum-

uses garnishment to reach two types of debts that a third party owes to an individual judgment debtor: an employer's debt for earnings due to an employee[42] and a debtor's account with a bank or similar financial institution, which is a debt payable to the depositor or her order.

A judgment creditor initiates a garnishment action by filing an affidavit of garnishment in accordance with statutory requirements, which results in issuance of a summons of garnishment. O.C.G.A. § 18-4-61. The summons commands the garnishee to file an answer stating what money or other property is subject to garnishment not sooner than 30 days and not later than 45 days after service of the summons.[43] The answer must be accompanied by the money or other property subject to garnishment. O.C.G.A. § 18-4-62(a). See also O.C.G.A. §§ 18-4-82, 18-4-84. The garnishee must serve its answer on the creditor. O.C.G.A. § 18-4-83.

The creditor must give notice of the garnishment action to the judgment debtor. O.C.G.A. § 18-4-64(a). The judgment debtor may, by traverse of the creditor's affidavit, challenge the existence of the judgment, the amount claimed due thereon, or "any other matter in bar of the judgment," except the validity of the judgment. O.C.G.A. §§ 18-4-65, 18-4-93. The debtor may become a party to the garnishment action "at any time before a judgment is entered on the garnishee's answer or before any money or other property subject to garnishment is distributed." O.C.G.A. § 18-4-93. The debtor is entitled to a hearing after filing her traverse, and "no further summons of garnishment may issue nor may any money or other property delivered to the court as subject to garnishment be disbursed" until the hearing is held. O.C.G.A. § 18-4-93.

The judgment creditor has 15 days from the date of service of the garnishee's answer to traverse it. O.C.G.A. § 18-4-85. A traverse is a statement that the garnishee's answer is "untrue or legally insufficient" and places in issue all questions of law and fact concerning the answer. O.C.G.A. § 18-4-86.

Any other person may file a claim that it has a claim superior to that of the judgment creditor to the money or other property subject to garnishment. O.C.G.A.

mons of garnishment upon the garnishee and all debts accruing from the garnishee to the defendant from the date of service to the date of the garnishee's answer shall be subject to process of garnishment; and no payment made by the garnishee to the defendant or to his order, or by any arrangement between the defendant and the garnishee, after the date of the service of the summons of garnishment upon the garnishee, shall defeat the lien of such garnishment.

Garnishment may also reach "all property, money, or effects of the defendant in the possession or control of the garnishee at the time of service of the summons of garnishment upon the garnishee or coming into the possession or control of the garnishee at any time from the date of service of the summons of garnishment upon the garnishee to the date of the garnishee's answer" except certain securities the garnishee holds as collateral. O.C.G.A. § 18-4-20(c).

42. In the case of a garnishment of a debtor's earnings, the amount subject to garnishment is limited to the lesser of 25% of her disposable earnings or the amount by which disposable earnings exceed 30 times the federal minimum wage. O.C.G.A. § 18-4-20(d). The limitation does not apply if the debt is for alimony or support. O.C.G.A. § 18-4-20(f).

43. The garnishee may file the answer sooner than 30 days if the garnishee is an employer and the judgment debtor is no longer employed by the garnishee, O.C.G.A. § 18-4-62(b), or if the garnishee is a bank or other financial institution and the judgment debtor does not have an account with the garnishee and is not the owner of any money or property in its possession. O.C.G.A. § 18-4-62(c).

§ 18–4–95. For example, an earlier judgment creditor may claim that its lien has priority over that of the creditor who filed the garnishment action.[44]

After the garnishee's answer is filed, the garnishment court tries any traverse filed by the judgment debtor, any traverse filed by the creditor to the garnishee's answer, and any competing claims to the funds. The court retains the money or property subject to garnishment until trial of all claims that are filed. O.C.G.A. § 18–4–88.

If no traverse or claim has been filed within 15 days after the filing of the garnishee's answer, the clerk pays the money to the judgment creditor on its application. O.C.G.A. § 18–4–89(1). If the garnishee delivers other property to the court, the property is sold in the manner provided for the sale of property levied under an execution, and the proceeds are delivered to the judgment creditor upon its application. O.C.G.A. § 18–4–89(2). If money or other property admitted to be subject to the garnishment is not delivered to the court, judgment is entered for the creditor and against the garnishee, and execution issues. O.C.G.A. § 18–4–89.

If the garnishee does not timely file an answer, the garnishee is automatically in default. The garnishee may open the default as of right by filing an answer within 15 days of the day of default and paying the costs. If the case is still in default after expiration of the 15–day period, judgment by default may be entered at any time against the garnishee for the amount claimed to be due on the judgment. O.C.G.A. § 18–4–90.

A garnishee may limit the amount of a default judgment to the amount by which the garnishee was indebted to the debtor, plus $50, by filing a motion to modify the judgment within 60 days of its receipt of actual notice of the entry of the default judgment and payment of all accrued costs of court. O.C.G.A. § 18–4–91.

A judgment creditor may obtain a continuing garnishment against an employer of the judgment debtor under O.C.G.A. § 18–4–110. The continuing garnishment applies to all garnishable wages from the date of service through the 179th day after service. The summons in a continuing garnishment action requires the employer to file a first answer no later than 45 days after service of the summons and to file answers during the remaining period no later than 45 days after the previous answer date. O.C.G.A. § 18–4–113. The procedures with regard to the distribution of funds are generally the same as described above for ordinary garnishment actions. O.C.G.A. § 18–4–110. See also O.C.G.A. §§ 18–4–115, 18–4–116, 18–4–117.

## IV. Application of the Automatic Stay to the Bank's Garnishment Action

### A. Application of the Automatic Stay to Garnishment Generally

Upon the filing of a bankruptcy case, the automatic stay of 11 U.S.C. § 362(a) becomes effective, with some exceptions.[45]

---

**44.** *E.g., Cale v. Hale,* 157 Ga.App. 412, 277 S.E.2d 770, 771–72 (1982); *Citizens & Southern National Bank v. Wray,* 144 Ga.App. 769, 242 S.E.2d 365 (1978).

**45.** For example, under 11 U.S.C. § 362(c)(4), the automatic stay does not become effective when the debtor has been a debtor in two or more bankruptcy cases within the preceding year that were dismissed, other than for abuse under 11 U.S.C. § 707(b). Another exception to the automatic stay applies when the garnishment proceeding seeks collection of a domestic support obligation from property that is not property of the estate, 11 U.S.C. § 362(b)(2)(B), or the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or statute. 11 U.S.C. § 362(b)(2)(C).

In general, the automatic stay prohibits a creditor from taking action against the debtor or the debtor's property (most of which becomes property of the estate under 11 U.S.C. § 541(a)).

■ In some instances, application of the automatic stay in the garnishment context is clear. Thus, a garnishment action commenced after the filing of the petition is void,[46] and the creditor must dismiss it.[47] In the case of a continuing wage garnishment, the automatic stay imposes an affirmative obligation on the creditor to take "careful and deliberate steps" to stop the employer's withholding of postpetition earnings, even if service of the summons of garnishment occurred prior to the filing of the petition.[48]

■ Funds owed to a debtor or other property of the debtor in the garnishee's possession or control that are subject to a garnishment summons are property of the estate under 11 U.S.C. § 541(a). Funds or property in the custody of the garnishment court at the time of the bankruptcy filing are also property of the estate.[49]

■ Paragraph (3) of § 362(a) stays any act to obtain possession of property of the estate or to control property of the estate. Thus, the automatic stay prevents a creditor from seeking disbursement of funds or property in the garnishment court's custody or from seeking to compel a garnishee to deliver funds or property to the garnishment court. Specifically, the automatic stay prohibits any act to enforce a garnishee's obligation to answer a garnishment summons and to deliver funds or property subject to garnishment to the garnishment court.

■ The automatic stay does not, however, require a dismissal of the garnishment action, a release of the garnishment, or disbursement to the debtor of funds or property already in the garnishment court's registry or subject to a pending garnishment summons as of the date of the bankruptcy filing.[50] The creditor's lien attaches to garnished funds or property upon service of the summons of garnishment[51] or, in the case of earnings that

11 U.S.C. § 362(b) lists a number of other exceptions to the automatic stay.

**46.** Any act in violation of the automatic stay is void. *E.g., Borg–Warner Acceptance Corp. v. Hall (In re Hall),* 685 F.2d 1306, 1308 (11th Cir.1982); *see In re Ford,* 296 B.R. 537, 543 (Bankr.N.D.Ga.2003).

**47.** *See, e.g., In re Buchanan,* 273 B.R. 749, 751 (Bankr.M.D.Ga.2002); *In re Dennis,* 17 B.R. 558, 561 (Bankr.M.D.Ga.1982).

**48.** *See In re Buchanan,* 273 B.R. 749 (Bankr. M.D.Ga.2002); *In re Randall,* 1990 WL 10007394 (Bankr.S.D.Ga.1990).

**49.** *See In re Williams,* 460 B.R. 915 (Bankr. N.D.Ga.2011). *Contra, In re Antley,* 18 B.R. 207 (Bankr.M.D.Ga.1982); *accord, In re Lord,* 270 B.R. 787, 795 (Bankr.M.D.Ga.1998). In *Antley,* the court held that a debtor has no interest in funds that are in the registry of the court at the time of the filing of a bankruptcy case, and *Lord* follows that ruling. In

*Williams,* Judge Drake explained why the debtor has a continuing interest in funds in the garnishment court such that they are property of the estate.

**50.** *See In re Buchanan,* 273 B.R. 749 (Bankr. M.D.Ga.2002); *Ameron Protective Coatings Division v. Georgia Steel, Inc. (In re Georgia Steel, Inc.),* 25 B.R. 781 (Bankr.M.D.Ga. 1982). *Contra, In re Roche,* 361 B.R. 615 (Bankr.N.D.Ga.2005); *but see, e.g., In re Lord,* 270 B.R. 787 (Bankr.M.D.Ga.1998); *In re Dennis,* 17 B.R. 558, 561 (Bankr.M.D.Ga. 1982). The Court discusses *Lord, Dennis,* and *Roche, infra* in footnote 56.

**51.** *E.g., In re Conner,* 733 F.2d 1560 (11th Cir.1984); *see Ameron Protective Coatings Division v. Georgia Steel, Inc. (In re Georgia Steel, Inc.),* 25 B.R. 781 (Bankr.M.D.Ga. 1982); *General Lithographing Co. v. Sight & Sound Projectors, Inc.,* 128 Ga.App. 304, 196 S.E.2d 479, 481 (1973); *Gainesville Feed and Poultry Company v. Waters,* 87 Ga.App. 354,

occur after service of the summons, when they are earned.[52] Moreover, the filing of a bankruptcy case does not affect a creditor's lien unless some proceeding occurs in the bankruptcy case with regard to the lien.[53] At the time of the filing of the bankruptcy case, therefore, any garnished funds or property remain subject to the creditor's garnishment lien.

As Part V explains, a debtor in some circumstances may be entitled to garnished funds or property through exercise of her rights to exempt them and avoid the garnishment lien under 11 U.S.C. § 522(f).

A debtor may also be able to exempt garnished funds or property that a trustee may recover as a preferential transfer under 11 U.S.C. § 547,[54] and may prosecute the preference claim if the trustee does not.[55]

■ Nevertheless, the fact that a debtor has the right to garnished funds under the Bankruptcy Code by following proper procedures does not mean that a creditor's refusal to dismiss the garnishment action or to effect the disbursement of funds to the debtor by dismissing the garnishment action is a violation of the automatic stay.[56]

358, 73 S.E.2d 771, 775 (1952); *McWilliams v. Hemingway,* 80 Ga.App. 843, 57 S.E.2d 623 (1950).

52. *See, e.g., In re Mathis,* 256 B.R. 653 (Bankr.M.D.Ga.1996).

53. *E.g., Long v. Bullard,* 117 U.S. 617, 620–21, 6 S.Ct. 917, 918, 29 L.Ed. 1004 (1886); *Universal American Mortgage Co. v. Bateman (In re Bateman),* 331 F.3d 821, 827 (11th Cir.2003); *Folendore v. U.S. Small Business Administration (In re Folendore),* 862 F.2d 1537, 1538–39 (11th Cir.1989); *accord, e.g., In re Tarnow,* 749 F.2d 464, 465 (7th Cir. 1984).

54. 11 U.S.C. § 522(g).

55. 11 U.S.C. § 522(h). *See In re Lord,* 270 B.R. 787 (Bankr.M.D.Ga.1998). See also note 76, *infra.*

56. *See In re Buchanan,* 273 B.R. 749 (Bankr. M.D.Ga.2002); *Ameron Protective Coatings Division v. Georgia Steel, Inc. (In re Georgia Steel, Inc.),* 25 B.R. 781 (Bankr.M.D.Ga. 1982). *Contra, In re Roche,* 361 B.R. 615 (Bankr.N.D.Ga.2005); *but see, e.g., In re Lord,* 270 B.R. 787 (Bankr.M.D.Ga.1998); *In re Dennis,* 17 B.R. 558, 561 (Bankr.M.D.Ga. 1982).

Although *Lord* and *Dennis* state that the automatic stay requires a creditor to dismiss a pending garnishment action, the actual holdings of the cases are more limited, and the cases do not properly support that proposition as a general rule. In *Dennis,* the garnishment action was filed after the bankruptcy filing. In *Lord,* the garnishment was a continuing one under which the employer withheld postpetition earnings. Clearly, a creditor has an affirmative obligation to stop the garnishment in those situations. *See, e.g., In re Buchanan,* 273 B.R. 749 (Bankr. M.D.Ga.2002).

In *Roche,* the court ruled that a creditor violated the automatic stay by failing to dismiss a prepetition garnishment to permit the debtor to receive funds garnished from her bank account. The Court must respectfully disagree with the *Roche* analysis.

For the reasons that Part V explains, the debtor in *Roche* was apparently entitled to the funds because she could claim them as exempt and avoid the creditor's lien under 11 U.S.C. § 522(f). But the debtor was not entitled to the funds at the time of the filing of her petition because she had not yet prosecuted her exemption and lien avoidance rights.

In this regard, it is noteworthy that a debtor is not entitled to exempt property until she claims it as exempt and the time for an objection to the exemption (30 days after the conclusion of the § 341(a) meeting under Fed. R. Bankr.P. 4003(b)) has expired. 11 U.S.C. § 522(*l*). Furthermore, dismissal of a debtor's case results in reinstatement of any lien on exempt property that has been avoided. 11 U.S.C. § 349(b). So at least at the outset of the case, the rights of a debtor to garnished funds that are subject to the creditor's lien cannot possibly be established.

As earlier text notes, a bankruptcy filing alone does not affect a creditor's garnishment lien. See cases cited *supra* note 53. The conclusion that the automatic stay requires a creditor to dismiss a pending garnishment upon the filing of a bankruptcy case effective-

## B. Whether the Bank Violated the Stay

The Bank did not dismiss the garnishment action upon the filing of the Debtor's Chapter 7 case. As just explained, however, the automatic stay does not require dismissal or release of a pending garnishment. Thus, the Bank did not violate the automatic stay by declining to dismiss the garnishment action.

Moreover, the Bank's actions with regard to the continuing garnishment of the Debtor's postpetition earnings do not give rise to an actionable stay violation. The Bank did not take "careful and deliberate steps" to stop the garnishment with regard to postpetition earnings that the automatic stay requires, such as promptly communicating with the Debtor and the Employer to advise them that garnishment

ly eliminates the creditor's lien without any action in the bankruptcy court, thus contradicting this principle. Moreover, requiring the creditor to eliminate its lien immediately upon the filing of the case fails to take account of the creditor's rights to be heard with regard to the debtor's claims of exemptions and the avoidance of its lien and the fact that the debtor is not at that time entitled to the exempt property.

In *Roche*, the garnishing creditor had filed a notice of the automatic stay in the garnishment action. This action was sufficient to maintain the status quo with regard to the garnished funds pending the determination of the rights of the parties to the funds in the bankruptcy court.

Arguably, a garnishing creditor's failure to dismiss a garnishment action amounts to an attempt to exercise control over property of the estate in violation of § 362(a)(3). Perhaps, but the filing of the notice of the automatic stay in the garnishment action would indicate, instead, an act to maintain the status quo pending later events in the bankruptcy court. *Cf. Ameron Protective Coatings Division v. Georgia Steel, Inc. (In re Georgia Steel, Inc.)*, 25 B.R. 781 (Bankr.M.D.Ga.1982).

Even so, this does not advance a debtor's claim of an injury arising from the funds remaining in the garnishment court because she is not yet entitled to them in any event. At the time of the filing of the case, the proper recipient of the funds is the trustee. 11 U.S.C. § 542(a), (b). And because the creditor's lien attaches to the garnished funds unless it is avoided, the trustee cannot do anything with the funds except hold them.

Because the garnishment lien encumbers the garnished funds or property until the garnishment lien is avoided, the Bankruptcy Code's restrictions on the use of encumbered property apply. Thus, the court may condition the use of garnished funds or property on

the provision of adequate protection under 11 U.S.C. § 363(e). Further, funds subject to a garnishment lien are "cash collateral" under 11 U.S.C. § 363(a) (because the funds are cash in which the garnishing creditor has an interest by virtue of its garnishment lien). Therefore, a bankruptcy trustee cannot use the funds without the consent of the creditor or an order of the court that provides adequate protection. 11 U.S.C. § 363(c)(2).

Whether § 362(c)(2) applies in a Chapter 13 case to a debtor's use of cash collateral to make plan payments or to pay ordinary living expenses is not clear. See W. Homer Drake, Jr., et al., CHAPTER 13 PRACTICE AND PROCEDURE § 6:4. Nevertheless, a judgment creditor clearly has the right in a Chapter 13 case to adequate protection as a condition to the debtor's use of the funds under § 363(e).

A creditor's failure to dismiss a garnishment action in which it has filed a notice of the automatic stay means that garnished funds or property remain in the garnishment court where they are not going to go anywhere pending further events in the bankruptcy case. This is not the type of "control" over property of the estate that the automatic stay properly prohibits. Indeed, the alternative—substitution of the trustee as the stakeholder to hold the funds pending further events in the bankruptcy case—does not serve any bankruptcy purpose and, in fact, creates administrative and bookkeeping burdens for a trustee, especially in a "no asset" case.

A garnishment court's holding of garnished funds or property for disbursement in accordance with later orders obtained through proper procedures in the bankruptcy court does not in any way offend the bankruptcy court's jurisdiction over the property or the rights of any parties with an interest in it. This being the case, no reason exists to conclude that a party who fails to take action to change that result is exercising any type of

should stop with regard to postpetition earnings.[57] In this regard, the Bank did not promptly file a notice with regard to the bankruptcy case and did not expressly instruct the Employer to discontinue the withholding of any postpetition earnings.

Nevertheless, the Bank did not seek, and has not sought, to proceed in the garnishment action with regard to the Debtor's postpetition earnings, and the Employer did not withhold anything from postpetition earnings. If the Employer did not withhold because it understood that the Bank did not expect compliance with the garnishment summons with regard to postpetition earnings, the Bank did enough to stop the continuing garnishment such that no stay violation occurred.[58] If the Employer acted on its own, the Debtor suffered no harm.

The question, then, is whether the Bank violated the automatic stay by prosecuting the garnishment action against the Employer by filing a traverse with regard to the Employer's deficient answer and a motion for default judgment.

The Court first addresses the Bank's original positions set forth in its Stay Motion and in its papers filed in the garnishment action two days later. All of them are wrong.

The Bank asserted in the Stay Motion that wages that an employer holds at the time of a bankruptcy filing are not property of the estate and that the Debtor had no interest in funds garnished from prepetition wages. As Part IV(A) explains, any debt that an entity owes to a debtor is property of the estate under 11 U.S.C. § 541(a). And as Part V discusses, a debtor has an interest in funds subject to garnishment because she may seek to exempt them and avoid the garnishment lien. The fact that the debt is subject to a garnishment lien does not alter these principles.

In its traverse in the garnishment action, the Bank stated that the Employer was required to seize and turn over to the garnishment court the Debtor's prepetition wages subject to garnishment. The Court cannot think of any good faith argument that supports this misrepresentation of the law.

██ If an employer has an obligation to do anything with prepetition wages it owes to a debtor immediately upon the filing of a bankruptcy case, its clear duty under 11 U.S.C. § 542 is to pay the wages to the trustee.[59] In any event, as discussed earlier, a garnishing creditor's attempt to cause an employer to pay the debtor's withheld wages to the garnishment court is an act to exercise control over property of the estate that violates the automatic stay.

**57.** *See In re Buchanan,* 273 B.R. 749 (Bankr. M.D.Ga.2002); *In re Randall,* 1990 WL 10007394 (Bankr.S.D.Ga.1990).

**58.** *Cf. In re Buchanan,* 273 B.R. 749 (Bankr. M.D.Ga.2002).

**59.** 11 U.S.C. § 542(a) generally requires that an entity "in possession, custody, or control, during the case, or property that the trustee may use, sell, or lease under [11 U.S.C. § 363], or that the debtor may exempt under [11 U.S.C. § 522] ... deliver to the trustee, and account for, such property or the value of such property, unless the property is of inconsequential value or benefit to the estate."

11 U.S.C. § 542(b) generally requires an entity that "owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, [to] pay such debt to, or on the order of, the trustee...."

As note 56, *supra,* discusses, any garnished funds or property the trustee receives are subject to the garnishment lien, and the trustee cannot use the funds pending further events in the bankruptcy case. Note 70, *infra,* discusses practical considerations relating to the turnover provisions in the garnishment context.

over property of the estate that the automatic stay prohibits. 11 U.S.C. § 362(a)(3). The same provision prevents an employer from controlling garnished property by paying it into the garnishment court.

So none of the Bank's original positions support the conclusion that the automatic stay did not apply to its continuation of the garnishment action. To the contrary, the very nature and purpose of a garnishment action makes it clear that the automatic stay must and does apply to it.

Quite obviously, garnishment is a judicial proceeding for a creditor to collect its judgment. See O.C.G.A. § 18–4–60 ("In all cases where a money judgment shall have been obtained …, the plaintiff shall be entitled to the process of garnishment."). Paragraph (1) of § 362(a) stays "the commencement or continuation of a judicial … proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy case], or to recover a claim against the debtor that arose before the commencement of the [bankruptcy case.]". Paragraph (6) of § 362(a) stays "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the [bankruptcy case]."

Furthermore, a garnishment action at its inception is not an action that seeks relief against the garnishee. Rather, it begins as an action to require the garnishee to pay a debt owed to the debtor to the garnishment court rather than to the debtor. Again, garnished funds are property of the estate. Paragraph (3) of § 362(a) stays "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."

The automatic stay means nothing in the context of a garnishment action if it does not operate to stay the proceeding in its entirety. And a stay of the garnishment proceeding means nothing if it does not include suspension of the garnishee's obligations to file an answer and to deliver any funds or property subject to garnishment to the garnishment court.

The Bank shifted its position after it learned that the Employer had not withheld wages from the Debtor before the filing of the bankruptcy case as the garnishment summons required. It now contends that the principles just discussed do not apply to its continuation of the garnishment action because it is pursuing an independent claim against the Employer arising out of its failure to withhold the Debtor's earnings after service of the summons and prior to the bankruptcy filing. Because its claim is now against the Employer and its assets, not the Debtor, his property, or property of the estate, the Bank concludes, paragraphs (1), (3), and (6) of § 362(a) do not cover its actions, and the automatic stay did not apply.

It is true that Georgia garnishment law creates an independent action against a garnishee who fails to comply with a garnishment summons.[60] It is also true that a judgment creditor's assertion of a claim against a garnishee for failure to respond to a garnishment summons is not a claim against the debtor, his property, or property of the estate, at least so long as the claim does not seek to recover funds or property of the debtor. But it does not follow that the automatic stay does not apply.

As an initial matter, the Bank's filings belie any contention that it *was* pursuing an independent claim against the Employer. In the garnishment court and in this

60. O.C.G.A. § 18–4–111.

Court, the Bank asserted that garnished funds were not property of the estate and that the Employer had an obligation to pay withheld wages to the garnishment court. In these papers, the Bank never asserted a claim that the Employer was independently liable for its failure to withhold wages, presumably because it did not know that at the time. Its assertion that the Employer was liable for failure to answer the garnishment summons is untenable because, at the time of the bankruptcy filing, the Employer was not in default because the automatic stay suspended the time for it to answer.

The Bank's purpose when it proceeded in the garnishment action, therefore, was to recover withheld wages in an effort to collect its claim against the Debtor. Based on the Bank's subjective motivation, therefore, the automatic stay applied because the Bank was taking action to continue a judicial proceeding to recover a claim against the Debtor, to exercise control over property of the estate, and to recover a claim against the Debtor. Paragraphs (1), (3), and (6) of § 362(a) prohibit such acts.

■ Whether the automatic stay applies here, however, should not, and need

not, turn on subjective considerations. The Court concludes that the automatic stay applies to prevent a garnishing creditor from continuing a garnishment action to pursue an independent claim against a garnishee, whether for failure to answer the garnishment summons or for failure to withhold funds or property of the debtor, unless an unmodifiable judgment in the garnishment action has established that independent liability at the time of the filing of the bankruptcy case.

Courts in other jurisdictions addressing the applicability of the automatic stay to a creditor's prosecution of an independent claim against a garnishee have taken at least three different views. A number of courts have permitted a judgment creditor to pursue a claim against a garnishee for its failure to respond to garnishment process after the judgment debtor has filed a bankruptcy case because the claim is not against the debtor, his property, or property of the estate.[61] Other courts, however, have ruled that the automatic stay applies to a garnishment action and precludes an action against a defaulting garnishee.[62] A third view is that the automatic stay applies unless the independent liability of the garnishee has been established prior to the filing of the bank-

**61.** *E.g., In re Bowers*, 424 B.R. 594 (Bankr. D.D.C.2010); *In re Kanipe*, 293 B.R. 750 (Bankr.E.D.Tenn.2002); *In re Sowers*, 164 B.R. 256 (Bankr.E.D.Va.1994); *In re Waltjen*, 150 B.R. 419 (Bankr.N.D.Ill.1993); *In re Gray*, 97 B.R. 930 (Bankr.N.D.Ill.1989); *United States v. Allen Bros. of Homer, Inc.*, 36 B.R. 920 (M.D.La.1984); *United Guaranty Res. Ins. Co. v. Dimmick*, 916 P.2d 638 (Colo.App. 1996); *Compton v. Instant Auto Credit, Inc.*, 2005 WL 326973 (Ky.Ct.App.2005); *Kenosha Hosp. & Med. Center v. Garcia*, 274 Wis.2d 338, 683 N.W.2d 425 (2004); *see Stone v. George F. Richardson, Inc.*, 169 Ga.App. 232, 312 S.E.2d 339 (1983), *abrogated on other grounds, State v. Glover*, 281 Ga. 633, 641 S.E.2d 543 (2007).

**62.** *E.g., In re Feldman*, 303 B.R. 137 (Bankr. E.D.Mich.2003), *rev'd and remanded,* Civ. No. 03–49726 (E.D.Mich., Aug. 4, 2004); *In re O'Connor*, 42 B.R. 390, 392 (Bankr.E.D.Ark. 1984); *In re Warren*, 7 B.R. 201, 205 (Bankr. N.D.Ala.1980). *See also Vanderpool v. Pineview Estates, L.C.*, 289 Mich.App. 119, 808 N.W.2d 227, 229–30 (2010) (concluding that, under Michigan law, a judgment against a defaulting garnishee is "inextricably linked" to enforcement of the prior judgment and adopting the bankruptcy court's analysis in *Feldman* ).

ruptcy petition.[63] In any event, none of the cases have ruled that the automatic stay does not apply so that a creditor may pursue a garnishee when the time for the garnishee to respond to process has not expired at the time of the filing of the debtor's bankruptcy case.

The conclusion that a judgment creditor may pursue an independent claim against a garnishee for its failure to respond to garnishment process after the judgment debtor has filed a bankruptcy case is the right one as a matter of *substantive* bankruptcy law when the question is whether the discharge injunction of 11 U.S.C. § 524 prohibits such an action against the garnishee. Section 524(a)(2) enjoins the commencement or continuation of any action to collect a debt as the personal liability of the debtor, but it does not extinguish the debt or prevent its collection from sources other than the debtor. Indeed, § 524(e) expressly states that "discharge of a debt does not affect the liability of any other entity on, or the property of any other entity for, such debt."

But until the garnishment court has entered an unmodifiable judgment against the garnishee, it is not the right answer when the question is whether the automatic stay applies. Rather, in accordance with the third approach mentioned above,[64] the automatic stay is applicable to an action against the garnishee unless its independent liability has been determined prior to the filing of the petition.

As Part III explains, a garnishee in Georgia who has failed to timely answer the summons is automatically in default [65] but has two opportunities to limit the

amount of its liability to the amount by which the garnishee was indebted to the debtor—a 15 day grace period to open the default by filing an answer and paying costs,[66] and 60 days after receipt of actual notice of entry of default judgment to modify the judgment to the amount actually subject to garnishment, plus $50, upon payment of all accrued costs.[67]

■ These provisions confirm two features of a garnishment proceeding that are critical in the analysis of application of the automatic stay. First, it is obviously a proceeding to collect a debt of the debtor. Second, its purpose is to collect the debt from property of the debtor, specifically, a debt that the garnishee owes or property in its possession. By permitting the garnishee to limit its liability to the actual amount subject to garnishment, these provisions contemplate that the garnishee may satisfy its obligations from the debtor's property.

■ A garnishee's independent liability arises only as a remedy for failure to comply with garnishment process, either by default after expiration of the statutory grace and modification periods or because the garnishment court determines on the merits that the garnishee had funds or property subject to the garnishment that it did not deliver to the garnishment court. The imposition of independent liability on the garnishee is not the objective of the garnishment proceeding. Rather, it exists only as a remedy for failure to comply with the garnishment laws by delivering the debtor's property to the garnishment court.

---

**63.** *Ganz v. Griffith,* 1996 WL 122184 (E.D.Pa. 1996); *In re Phoenix Associates Land Syndicate, Inc.,* 2010 WL 3945538 (Bankr.E.D.La. 2010).

**64.** Cases cited *supra* note 63.

**65.** O.C.G.A. § 18-4-90.

**66.** O.C.G.A. § 18-4-90.

**67.** O.C.G.A. § 18-4-91.

■ So until the garnishment court enters a final judgment that establishes the garnishee's independent liability, the garnishment action remains an action to collect a claim against the debtor, which paragraph (6) of § 362(a) prevents, and an action against property of the estate, which paragraph (3) stays. This is the conclusion that the courts taking the third view referenced above have reached: the automatic stay applies with regard to action against a garnishee when the garnishee's liability has not been determined as of the time of the filing of the bankruptcy case.[68]

■ We now know that the Employer did not withhold earnings from the Debtor as the garnishment law requires and that, therefore, the Bank's prosecution of the garnishment action is the prosecution of an independent claim against the Employer and does not involve property of the estate. As Parts V and VI discuss, this has important implications with regard to the Debtor's claim of an exemption arising out of the garnishment and the Bank's request for relief from the stay.

But at the time of the filing of the case, the garnishment action sought to collect a claim against the Debtor and was an action to control property of the estate. When the bankruptcy case was filed, the independent liability of the garnishee did not and could not exist. The automatic stay applied to prevent the Bank from continuing that action, and a necessary consequence of the stay is that the Employer did not have to answer the garnishment summons.

In short, the automatic stay of § 362(a) applied to the Bank's garnishment action in its entirety.[69] It stayed any obligation on the part of the Employer to answer the garnishment or to deliver any garnished earnings to the garnishment court.[70]

68. Cases cited *supra* note 63.

69. The Court notes, however, that the automatic stay does not prevent the filing of any paper in the garnishment action. For example, any party may file a notice of the filing of the bankruptcy case, a garnishee may file a protective traverse to a garnishee's answer if it makes clear that the filing is protective only and that the bankruptcy filing stays the garnishment action, and a garnishee may file a protective answer that states what it would deliver to the garnishment court if the automatic stay did not prevent it. *See Ameron Protective Coatings Division v. Georgia Steel, Inc. (In re Georgia Steel, Inc.)*, 25 B.R. 781 (Bankr.M.D.Ga.1982).

70. The automatic stay did not, however, excuse the Employer from its obligations prior to filing to comply with the garnishment summons. If the Employer had properly withheld earnings from the Debtor, it would have had an obligation under 11 U.S.C. § 542(b) to pay them over to the bankruptcy trustee, subject to the garnishment lien. See *supra* note 56.

The practical problem is that the trustee may not want the funds. As Part V explains, a debtor in many instances may be able to claim funds withheld pursuant to a garnishment or in the registry of a garnishment court as exempt and avoid the creditor's judicial lien under 11 U.S.C. § 522(f) such that the debtor is entitled to the funds. A trustee faces an administrative burden if she must receive and account for funds that will eventually be turned over to the debtor. An employer should, therefore, promptly seek direction from the trustee as to whether she wants the employer to promptly remit the funds to her.

When it is clear that the debtor is entitled to garnished funds, a garnishing creditor and the trustee can save themselves, the garnishment court, and the bankruptcy court time, trouble, and attorney's fees if they promptly determine that the debtor should receive the funds and the creditor simply dismisses or releases the garnishment.

An employer facing conflicting demands for delivery of garnished funds may, of course, file a motion in the bankruptcy court against the debtor, trustee, and creditor seeking direction as to disbursement of the funds.

Accordingly, the Bank's actions in proceeding to enforce the garnishment summons against the Employer violated the automatic stay. The consequences are that the Bank's traverse and motion for a default judgment are void [71] and the Debtor has a claim for violation of the automatic stay under 11 U.S.C. § 362(k).[72]

The Court must, therefore, consider whether the Bank is entitled to relief from the automatic stay and provide direction for the determination of the Debtor's claim for damages for its violation. The Court returns to these issues in Part VI after considering the Bank's objection to the Debtor's claims that he is entitled to exempt the funds in question and to avoid its lien on them under § 522(f).

## V. Debtor's Exemption and Lien Avoidance Claim

Consideration of the Debtor's claim of an exemption with regard to the funds in dispute begins with an explanation of a debtor's rights with regard to funds or property that are subject to garnishment when she files a bankruptcy case.

At the time of the filing of a bankruptcy case, property of the estate under 11 U.S.C. § 541(a) includes funds or property that have been delivered to, and remain in, the garnishment court, as well as any amounts owed to the debtor (such as prepetition earnings) or other property subject to a prepetition garnishment summons.[73] The garnishing creditor has a lien on the garnished funds or property that arose upon the service of the garnishment summons or, in the case of earnings, at the time the debtor earned them.[74]

The filing of a bankruptcy case by itself does not affect a creditor's substantive lien rights. The lien rights "pass through" a bankruptcy case unless something occurs in the bankruptcy case that affects those rights.[75] Thus, the filing of a bankruptcy case does not extinguish the creditor's lien.

■■■ A debtor may exempt garnished funds or property in the custody of the garnishment court or funds or property subject to garnishment that the garnishee has not yet delivered in response to the garnishment summons. A debtor entitled to exempt garnished funds or property may avoid the creditor's lien on the property as a judicial lien under 11 U.S.C. § 522(f).[76] Under these provisions, the ultimate outcome is that a debtor is entitled

71. *E.g., Borg–Warner Acceptance Corp. v. Hall (In re Hall),* 685 F.2d 1306, 1308 (11th Cir. 1982).

72. An employer may also have a claim against the Bank for violation of the stay, because it protects creditors and other entities in addition to the Debtor and the estate. *See In re Howard,* 391 B.R. 511, 515 (Bankr.N.D.Ga. 2008). The Employer has not asserted such a claim.

73. *See* cases cited *supra* note 49.

74. *See* cases cited *supra* notes 51 and 52.

75. *See* cases cited *supra* note 53.

76. *See In re Williams,* 460 B.R. 915 (Bankr. N.D.Ga.2011). Under 11 U.S.C. § 522(h), a debtor may also seek to recover garnished funds or property, if she has exempted them under 11 U.S.C. § 522(g), as a preferential transfer under 11 U.S.C. § 547 when service of the summons of garnishment occurred within 90 days of the bankruptcy filing or, in the case of funds derived from the debtor's earnings, when the debtor earned them within 90 days, and the trustee does not pursue the claim. *See, e.g., In re Mathis,* 256 B.R. 653 (Bankr.M.D.Ga.1996). In a case in which the debtor's debts are primarily consumer debts, however, a transfer is not avoidable as a preference unless the aggregate value of all of the transfers exceeds $600. 11 U.S.C. § 547(c)(8).

A debtor's ability to avoid a judicial lien under § 522(f) makes pursuit of a preference action unnecessary when the exempt property has not yet been distributed to the creditor.

to the garnished funds or other property if (1) she can (and does) claim an exemption in them and (2) she can (and does) obtain avoidance of the garnishment lien under § 522(f).

■ If the Employer had withheld the Debtor's prepetition earnings, these principles would require disbursement of them to the Debtor. But the parties have agreed that the Employer did not withhold any earnings from the Debtor. So, quite simply, there is nothing for the Debtor to exempt.

The Bank seeks to proceed against the Employer on the basis of its independent liability for failure to withhold, not the Debtor or his property. The Bank's lien is obviously not avoidable under § 522(f) with regard to the Bank's claim against the Employer or the Employer's property.

Although the Bank has disclaimed any right to pursue its lien against the Debtor or his property with regard to the prepetition earnings the Employer paid him, the judgment lien is avoidable under § 522(f) with regard to any such claim.

For these reasons, the Court: (1) will sustain the Bank's objections to the Debtor's claim of an exemption in any funds that the Employer owes the Bank as a consequence of its failure to comply with its independent duty to comply with the garnishment summons; and (2) will deny the Debtor's motion to avoid the Bank's lien to the extent the Bank has an independent claim against the Employer. The Court will avoid the Bank's lien to the extent that the lien may apply with regard to any prepetition earnings that the Debtor received.

### VI. Bank's Motion for Relief From Automatic Stay

■ As Parts IV and V discuss, the automatic stay applied to preclude the Bank from taking action in the garnishment proceeding to assert its claim against the Employer for failure to withhold prepetition earnings in accordance with the garnishment summons, but that claim does not involve any property of the Debtor that he can exempt. The Court must, therefore, address whether cause exists under 11 U.S.C. § 362(d) to modify the automatic stay to permit the Bank to proceed against the Employer in the garnishment action.

The fact that the automatic stay applied to the garnishment proceeding and to the Bank's efforts to pursue an independent claim against the Employer for failure to comply with the garnishment summons does not mean that the stay eliminated any such liability. The automatic stay is procedural in nature and does not affect substantive rights.

The undisputed facts show that the Bank's claim against the Employer does not implicate property of the estate, property of the debtor, or a claim against the Debtor. Under these circumstances, continuation of the stay does not serve any bankruptcy purpose. Accordingly, cause exists to modify the stay to permit the Bank to proceed against the Employer in the garnishment action.

■ In determining whether to modify the stay in a garnishment situation, the Court must consider the interests of a garnishee when a bankruptcy filing occurs. The bankruptcy system must operate in a manner that does not unduly subject a garnishee to conflicting duties or the risk of multiple liability. Indeed, this is one of the important functions of the automatic stay and one reason that it must apply in the circumstances of this case. It permits the Bankruptcy Court to address potentially conflicting duties or risks of multiple liability so that the bankruptcy process

does not operate inequitably or unfairly against a garnishee.

The undisputed facts of this case now show that the Employer does not face any inappropriate burdens or liabilities as a consequence of the Debtor's bankruptcy case other than the need for a fair opportunity to answer the garnishment in accordance with Georgia law because the bankruptcy filing stayed its obligation to do so. The Court will address this legitimate concern by modifying the stay immediately to permit the Employer to have ten days to answer the garnishment summons and by postponing the modification of the automatic stay to permit the Bank to proceed until the earlier of the date of the filing of an answer by the Employer in the garnishment court or eleven days after entry of this Order.

## VII. Debtor's Damages for Violation of the Stay

The Bank's violation of the automatic stay gives rise to a possible claim of the Debtor for damages, including punitive damages and attorney's fees, under 11 U.S.C. § 362(k). The Court questions, however, whether the Debtor can show any actual damage in view of the fact that the Bank's violations did not affect him. Although the Bank's ill-advised actions were "willful" in that it intentionally acted to violate the stay after it had notice of it,[77] the Bank's culpability is mitigated to some extent by the facts that it did seek relief from the stay, that it has not pursued the matter further in the garnishment court pending this Court's determination, and that the Debtor had no actual interest in the dispute. Thus, punitive damages may not be appropriate.

With regard to the Debtor's attorney's fees, the issues the parties and the Court have addressed have arisen in the context of the Bank's motion for stay relief and the Debtor's claim of any exemption. This indicates that the Debtor did not incur any additional attorney's fees in an effort to enforce the automatic stay. Whether the Debtor had any actual interest in the dispute may also be a factor in determining the reasonableness of any fees the Debtor incurred and the extent to which the Bank must pay them. In this regard, it may be that the real party with an interest in opposing stay relief was the Employer such that it should bear the burden of paying the attorney who has represented both the Debtor and the Employer against the Bank.

The record before the Court does not permit the Court to address the question of damages for violation of the automatic stay. If the Debtor desires to pursue any claims under § 362(k), the Debtor shall, within 30 days from the date of entry of this Order, file and serve on the Bank a motion that asserts such claims and specifies the amounts he seeks and the bases therefor. If the Debtor files such a motion, the Bank shall respond to it within 30 days of its service. Within 15 days after service of the Bank's response, attorneys for the Debtor and the Bank shall confer with regard to discovery and further proceedings with regard to remaining disputes and contact Chambers for the scheduling of a status conference to discuss further proceedings in the case.

## VIII. Other Pending Issues

The Court will address other issues raised by the Bank's Exemption Objection, the Debtor's Avoidance Motion, and the Bank's Avoidance Objection in further pro-

---

**77.** *E.g., Jove Engineering, Inc. v. Internal Revenue Service (In re Jove Engineering, Inc.),* 92 F.3d 1539, 1545 (11th Cir.1996).

ceedings. The attorneys for the parties shall confer with regard to discovery and further proceedings with regard to all disputes and thereafter contact Chambers for the scheduling of a status conference to discuss further proceedings in the case. If the Debtor pursues a claim for damages as set forth in Part VII, the parties shall confer and contact Chambers for the scheduling of a status conference within the times set forth in Part VII. If the Debtor does not file a motion for damages, the parties shall confer with regard to the remaining issues and contact Chambers within 45 days from the date of entry of this Order.

## IX. Conclusion

Based on the foregoing, it is hereby **ORDERED and ADJUDGED** as follows:

1. The Bank violated the automatic stay of 11 U.S.C. § 362(a) in the garnishment action by continuing it after the filing of this bankruptcy case. Specifically, the Bank violated the automatic stay by filing a traverse of the Employer's answer and a motion for default judgment. The filing of the traverse and the motion for default judgment are void as a violation of the stay and have no force or effect.

2. The automatic stay of 11 U.S.C. § 362(a) is modified for cause under 11 U.S.C. § 362(d) as follows:

(a) Effective immediately upon entry of this Order, the automatic stay is modified to permit the Employer to file an answer in the garnishment action and to otherwise respond as may be appropriate. Because the automatic stay was in effect at the time the Employer's answer was due in the garnishment action and will remain in effect until its modification as set forth in subparagraph (2)(b), an answer filed within said time will be timely filed.

(b) Effective immediately upon the earlier of (i) the Employer's filing of an answer in the garnishment action or (ii) eleven days after the entry of this Order, the automatic stay is modified to permit the Bank to proceed in the garnishment action with regard to any and all claims it may have against the Employer.

(c) The modification of the automatic stay as set forth above shall be effective immediately and shall not be stayed, notwithstanding the provisions of Fed. R. Bankr.P. 4001(a).

3. The Bank's objection to the Debtor's claim of an exemption in prepetition employment wages that are subject to the Bank's garnishment and its independent claim against the Employer is sustained.

4. The Debtor's motion to avoid the lien of the Bank under 11 U.S.C. § 522(f) with regard to prepetition wages that are the subject of the Bank's garnishment is denied to the extent that the Bank seeks to enforce any claim against the Employer as an independent liability of the Employer. The motion is granted to the extent that the Bank's lien attaches to any wages received by the Debtor or that the Bank claims that its lien attaches to any other property of the Debtor on account of his receipt of any wages. The Court will conduct further proceedings with regard to the Bank's other objections to the Debtor's exemptions of other property and the Debtor's motion to avoid its lien on such property as set forth below.

5. If the Debtor desires to pursue a claim for damages under 11 U.S.C. § 362(k) for the Bank's violation of the automatic stay, the Debtor must file a motion for such damages, and serve it on the Bank's attorney, within 30 days from the date of entry of this Order. The motion must specify the amount of damages the Debtor seeks and the basis for the imposition of such damages. If the Debtor files such a motion, the Bank shall respond within 30 days after its service.

6. Within 15 days after service of the Bank's answer to any motion filed by the Debtor for damages under 11 U.S.C. § 362(k), or within 45 days from the date of entry of this Order if the Debtor does not file such a motion, the attorneys for the Bank and the Debtor shall (a) confer with regard to discovery and further proceedings in this case with regard to all remaining issues in dispute between them; and (b) contact Chambers staff to request a status conference at which the Court will give direction with regard to further proceedings and schedule a hearing or establish a briefing schedule as appropriate.